OVERTON, J.
John P. Mahoney, receiver of Bonner-Nichols-Pearce, Inc., addressed a *386 petition to the Twenty-Second judicial district court, in and for the parish of East Baton Rouge, in which he alleges that the Louisiana Highway Commission, one of the defendants herein, entered into contracts with W. S. Bonner for the construction of certain roads in the parish of Pointe Coupee; that, at the time Bonner entered into the contracts, he was the president of Bónner-Niehols-Pearce, Inc.; that the contracts were fulfilled with the property and assets of that corporation and for its account; that said Bonner has declared in proceedings, instituted in the civil district court for the parish of Orleans, for the appointment of a receiver to Bonner-Nichols-Pearce, Inc., that said contracts were fulfilled with the property and funds and for the account of that corporation; that the Louisiana Highway Commission was duly notified of the appointment of a receiver for said corporation, and of the ownership of said contracts by the receiver; that there is due the receiver under said contracts the sum of $21,293.51, with legal interest from January 4, 1923, until paid; that Elijah Fisher, the New Roads Hardware Store, George E. Webb, and the Carolina Portland Cement Company have recorded, in the parish of Pointe Coupee, claims against the work done under said contracts; and that it is the mandatory duty of the Louisiana Highway Commission to pay the receiver of said corporation the above amount, reserving to the creditors, claiming liens, the right to prosecute their claims in the receivership proceedings. The petition concludes by praying that the Louisiana Highway Commission and the above-named creditors be cited to answer the receiver’s demand, and for judgment in favor of the receiver and against the defendants, as follows :
“First. Against the Louisiana Highway Commission in the sum of $21,293.51 with legal interest from January 4, 1923, until paid, subject to its right, if it should so elect, to pay into the registry, of this court the said amount to he transferred to the registry of the civil district court for the parish of Orleans in the receivership proceedings, as aforesaid, wherein your petitioner has been appointed and qualified as receiver.”
Secondly, for judgment against the other defendants:
“Requiring them to assert their claims, if any, against the: said fund contradictorily, with the said receiver in the said receivership proceedings and holding them to be without any right as against the said sum in any separate or other proceeding in law to the entire discharge and release of the said commission.” .
The Louisiana Highway Commission and the remaining defendants, with the exception of one, filed, in the court below, exceptions to the jurisdiction of the court, ratione materise, and of no cause of action.
[1] The law controlling this ease is Act 224 of 1918. The act relates to the construction, alteration, and repair of public roads and other public works, when the construction, alteration, or repair is done at the expense of the state, or of any parish, municipality, public board or body, under contracts. After providing for the reduction to writing of contracts for the performance of such work; for the exaction of bond, the bond to be furnished by the contractor; for the recordation of the contract and bond in the mortgáge records of the parish, where the public road or other work is to be constructed; for the recordation in the same records of the claims of those who have performed any labor in the construction, repair, or alteration of such work, or have furnished materia! therefor; .and for the filing of their claims with the state, municipality, or public body, the act reads, to quote section 4 thereof, as follows:
“That if, at the expiration of said 45 days [from the default of the contractor or acceptance of the work] there are recorded claims filed with the said authorities and recorded in the mortgage office unpaid, the said authorities shall file a petition in the proper court where *388 the work was done citing such claimants and the contractor, sub-contractor and surety on the bond, and the said authorities shall assert whatever claims they have against any and all of them in said petition, and require the said claimants to assert whatever claims they have against any and all of them, and all of said claims shall be tried in concursus.”
And, after so providing, the act reads, to quote from section 5 thereof:
“That if 45 days after the default of the contractor, or 45 days after the acceptance of the work, the said authorities do not file the said proceeding, any claimant may do so.”
'In our view, the act does not contemplate, when there are claims against the indebtedness due the contractor, that the contractor, or the owner of the claim, whether the owner should be a corporation in the hands of a receiver or not, may, without provoking a concursus, sue the authorized representative of the state, or the municipality, or public board, as the case may be, for the money due on account of the contract. When there are claims against the indebtedness, a concursus must be provoked, to the end that the claims of all may be adjusted, and the rights of .the various claimants, as against each other, and as against all concerned, may be determined. To permit the contractor or the receiver to sue, when there are such claimants, With their claims of record, without provoking such a concursus, would be contrary to the very purpose of the act.
Therefore, as plaintiff, in his petition, shows the necessity for a concursus, under the statute, by alleging the existence of other claimants against the sum demanded, and as he does not provoke one, his petition discloses no cause of action against the Louisiana Highway Commission, for, if he were to prove every allegation of the petition, still, he could not recover judgment, in this proceeding, against the commission.
[2] As plaintiff’s demand against those having claims against the.indebtedness is dependent on the demand against thp Louisiana Highway Commission, the demand against those having such claims falls with the demand against the commission. Even if the former demand did not fall with the latter, still plaintiff would have no right to force those having such claims to litigate their rights with him and among themselves, in the receivership, in the civil district court of‘the parish of Orleans. This is so because the only court in which they may be forced to litigate those rights is in the district court for'the parish of Pointe Coupee, the parish in which the road was constructed, and even then only in the manner prescribed by the statute, which, as we have held, is in a proceeding by concursus. No court of this state, other than the one having jurisdiction in respect to the amount involved, in the parish in which the road was constructed, has jurisdiction in the concursus proceeding, contemplated by the statute. Sections 4 and 5 of Act 224 of 1918. The fact that a receivership is the owner of the claim has no bearing on the question. Hence, as the object of plaintiff’s demand against these claimants is to force them to assert their rights, and to litigate their claims, only in the receivership, in the civil district court for the parish of Orleans, and as plaintiff has no such right, the exceptions of no cause of action, in so far as they are directed against this part of plaintiff’s demand, are well founded. •
[3] In reaching the conclusion that the exceptions of no cause of action are well founded, we have not overlooked the position taken by plaintiff that Act. No. 224 of 1918 has been repealed or superseded, in so far as the Louisiana Highway Commission is concerned, by ActJNb. 95 of 1921, relative to carrying into effect the provisions of the Constitution of 1921 in relation to the establishment and maintenance of state highways and bridges, and relative to the creation of the Louisiana Highway Commission, etc., but we fail to observe any such repeal or to *389 find that the former act has been superseded by' the latter.
[4] In passing on the exception of no cause of action we have assumed that the lower court had jurisdiction of plaintiff’s demand. The amount involved was \vithin_ its jurisdiction, and in our view the lower-court had power to determine the merits of plaintiff’s demand, as no attempt was made to provoke a concursus. It would have been otherwise, however, had plaintiff provoked a concursus, under Act 224 of 1918, instead of sueing as he did; for, as the roads were not constructed within the territorial jurisdiction of the lower court, that court would have been without jurisdiction in such a proceeding.
For the reasons assigned, the judgment appealed from is amended by overruling said exception to the jurisdiction, and in all other respects the judgment is affirmed, appellant to pay the costs.
O’NIELL, O. J., concurs in the result.
BRUNOT, J., recused.