No. 3249

Second Circuit

SPENCER BROS. v. McBRIDE ET AL.

(December 19, 1928. Opinion and Decree.)

R. F. Langston, of Minden, attorney for plaintiff, appellant.

C. J. Ellis, Jr., of Rayville, and T. V. Berry, of Winnsboro, attorneys for defendants, appellees.

WEBB, J. The plaintiffs, Spencer Brothers, a partnership, having constructed a highway in Franklin Parish, under contract with the Police Jury and the Louisiana Highway Commission, seek in the present suit to obtain judgment against the highway for a balance alleged to be due under the contract, which it is alleged

the highway had retained to secure the payment of certain recorded liens, and plaintiffs make the alleged holders of the liens, who were O. F. McBride and the Police Jury, parties to the suit, in order to test the validity of the liens filed by them, and to have same cancelled from the records.

Defendants, Police Jury and the Highway Commission, filed exceptions of no cause or right of action, non-joinder and misjoinder, and that the plaintiff could not under the statute (Act 224 of 1918), bring a direct action to enforce his claim, and then answered, the Police Jury alleging that plaintiff was indebted unto it, for which it had filed and recorded, a claim, as required by the statute, and the Highway Commission admitted that there was a balance due plaintiff, which had been retained to secure itself against the liens filed, and which it stood ready to pay to the parties to whom it should be determined the amount was due, while O. F. McBride answered, setting up the lien and praying to be paid from the amount retained by the Highway Commission.

The cause was tried and judgment rendered ordering the cancellation of the claim filed and recorded by O. F. McBride and sustaining the exceptions filed by the Highway Commission and the Police Jury, from which judgment plaintiff, alone, appeals.

Act No. 224 of 1918, relative to the construction of public roads, etc., provides that the public authorities shall require a bond of the contractor for the faithful performance of the work and payment of all furnishers of labor, materials, etc., and provides for the filing and recording of claims by persons furnishing labor and material, and declares that when such claims have been filed and recorded, the authorities having the work done shall file a petition before the proper court, citing the claimants, contractor, etc., and surety on the bond, and that the authorities shall assert whatever claims they have against any and all of them, and require the claimants to assert their claims, and that all of said claims shall be tried in concursus, and that in event of the authorities having the work done do not file such proceedings, that any claimant may do so, and it has been held that under the statute, when claims have been filed and recorded against the contractor, that he cannot sue for the indebtedness due without provoking a concursus. Mahoney vs. Louisiana Highway Commission, 154 La. Rep. 383, 97 So. 582.

Giving to the plaintiff's pleading the most liberal construction and considering that in his action against the authorities having the work done for the balance alleged to be due, that by having the claimants also cited, that the rights of the claimants and of the authorities as between themselves may have been tested; yet in default of the surety on the bond being made a party, that the proceedings cannot be considered as coming within the provisions of the statute requiring a concursus, and that under the ruling in Mahoney vs. Louisiana Commission, supra, the petition failed to state a cause of action, and that the exception was properly sustained.

We are of the opinion that, in sustaining the exception, plaintiff's right to proceed to enforce any right it had in a concursus proceeding should have been reserved, and the judgment appealed from is amended so as to reserve the plaintiffs' rights against defendants in a concursus proceeding, and, as amended, it is affirmed, appellants to pay all costs.