144 So. 136

## AMERICAN CREOSOTE WORKS, Inc., v. P. OLIVIER & SON, Inc., et al.

No. 31762.

June 20, 1932.

Rehearing Denied Oct. 31, 1932.

McCoy, Moss & King, of Lake Charles, for appellant.

E. R. Kaufman and Pujo, Bell & Hardin, all of Lake Charles, for appellee Lake Charles Harbor & Terminal District.

BRUNOT, J.

The plaintiff is a subcontractor. The suit is against the owner and the contractor. It is upon an account for creosoted piles furnished by the plaintiff and used by the contractor in the execution of his contract. The owner filed exceptions of prematurity and no right or cause of action. From a judgment maintaining the exceptions and dismissing the suit, as to the owner, at the plaintiff's cost, the plaintiff appealed.

The owner, the Lake Charles Harbor & Terminal District, was created by Act No. 67 of

1924. One of the lawful powers of the terminal district is to construct or contract for the construction of docks and docking facilities at Lake Charles, La. Pursuant to the provisions of Act No. 224 of 1918, as amended by Act No. 271 of 1926, the Lake Charles Harbor & Terminal District executed a contract with P. Olivier & Son, Inc., contractor, to furnish all material, labor, and equipment and to construct, complete, and deliver to said terminal district, wharf unit No. 3, and steel sheds Nos. 4 and 5, for the sum of $444,-000. The contractor entered into a subcontract with plaintiff in which the plaintiff obligated itself to furnish to the contractor the creosoted piling and other creosoted lumber to be used in the construction of the dock. Work under the contracts progressed for a few weeks, when it was ascertained that the *piles furnished by the plaintiff and driven by* the contractor, on the dock site, were seriously defective, and were not such as were called for by the contract and specifications. They were therefore rejected. The contractor and its surety, the Union Indemnity Company, were notified that the piling was unfit for the purpose for which it was being used, and the contractor was ordered to remove it and replace it with piles that met the contract specifications. The contractor refused to comply with the order, and the terminal district declared him in default and called upon his surety, the Union Indemnity Company, to make the default good. The surety declined to carry out the contract, and the board of commissioners of the terminal district likewise declared the surety in default, and, after proper recordation of its declarations of default, it took over and proceeded with the work for the account of the contractor.

The pertinent part of the terminal district's exception of prematurity is as follows:

"That whatever rights, if any, which are denied, the plaintiff may have against this defendant can be asserted only in concursus with all other claimants against any funds in the hands of this defendant, after the completion of the Construction of Wharf Unit No. 3, covered by this defendant's contract with P. Olivier & Son, Inc., Contractor.

"That the identical amounts and items sued for in this case by plaintiff, sub-contractor of P. Olivier & Son, Inc., are included in Suit No. 16,408, entitled P. Olivier & Son, Inc. vs. Board of Commissioners of Lake Charles Harbor & Terminal District and Lake Charles Harbor & Terminal District, and judgment therein demanded against exceptor, to which *suit special reference is now made as part of* this exception.

"That there exists at this time no contractual or other relations between plaintiff and this defendant with any right of action at this time."

The exception of no cause of action is in the stereotyped form.

Syllabus 3 of plaintiff's brief is as follows: "When plaintiff's petition shows the date of the execution and bond and the date of the recordation thereof in the Mortgage Records to be fifty-one days after the execution of the contract and bond *and forty-four days after work was commenced,* it alleges facts making the public body so failing to timely record the contract and bond liable as surety." (Italics ours.)

We have scanned the petition in vain to ascertain wherein it alleges the date on which

work on the project commenced. Articles 2 and 3 of the petition relate to the contract and bond, and the date of their recordation. Article 4 relates to the subcontract between the contractor and the plaintiff. The date of this contract is not alleged. Nor is it attached or made part of the petition by reference. In article 5 we find this allegation:

"That in accordance with petitioner's contract with said P. Olivier & Son, Inc., petitioner prepared and promptly delivered at the location of said work in Calcasieu Parish, Louisiana, creosoted material aggregating in value the sum of One Hundred Thirty Thousand, Five Hundred Eighty-five and 72/100 ($130,585.72) Dollars."

The article does not give either the date the material was prepared or the date of its delivery at the dock site. To maintain an action against the owner, as liable in solido with the contractor and his surety, the petition must affirmatively allege that work upon the project actually began before the contract and bond were recorded.

We concur in Judge Porter's reasons for judgment, and quote therefrom the following:

"Act No. 224 of 1918 provides for the recordation of claims of contractors, furnishers of supplies and materialmen, for the construction of certain works, and section 4 of the Act mentioned reads in part as follows:

" 'Be it further enacted, etc., That if, at the expiration of the said, forty-five days there are recorded claims filed with said authorities * * * the said authorities *shall file* a petition,' invoking a concursus proceeding.

"Section 5 of the said Act provides that,

" 'If, forty-five days after the default of the contractor or forty-five days after the acceptance of the work, the said authorities do not file the said proceedings, any claimant *may* do so." (Italics by the present writer.)

"Under these provisions, the Supreme Court held that after the acceptance of the work, where there were recorded claims against the work, the contractor could not bring an ordinary action against the owner, but could only recover in a concursus proceeding. Mahoney v. Louisiana Highway Commission et al., 154 La. 383, 97 So. 582.

"In the case of Seal v. Gano et al., 160 La. 636, 642, 107 So. 473, the case of Mahoney v. Louisiana Highway Commission, supra, was affirmed, and quoted with approval, and in holding that one having a claim against a contractor for work done on a public highway was entitled under the provisions of Act No. 224 of 1918 to bring a concursus proceeding in the court having jurisdiction where the work was done, without regard to domicile of the contractor or of the surety, the Court in Seal v. Gano, said:

" 'The very purpose of the act was to provide a special, speedy and summary remedy to enable the authorities letting the work or, on their default, any creditor of the contractor, to bring all parties before one court and in one proceeding, to the end that their respective rights as between themselves and as against the contractor and his surety might be recognized and adjusted.

" 'No better and more convenient form for this purpose could have been designated than the competent court of the parish where the work was done, where the contract and bond

is required to be recorded, and where the claims are required to be registered.'

"See, also, Spencer Bros. v. McBride et al., 9 La. App. 284, 120 So. 114.

"Act No. 298 of 1926, being an act on the same subject matter as that covered by Act No. 224 of 1918, provides that thirty days after acceptance of the work by the owner, or thirty days after notice of default recorded by the owner, any person having any claim against the work may record the claim, which recordation acts as a lien against the property constructed upon the work done, and that thereafter, according to the provisions of section 4:

" 'The owner or any other interested person *may* file a petition in a court of competent jurisdiction, citing all claimants, * * * ' in a concursus proceeding. (Italics by the present writer.)

"The language of the two statutes, requiring a concursus proceeding where claims have been filed against the owner is practically the same, and since the Supreme Court has held, under the provisions of Act No. 224 of 1918 that where claims have been filed, the contractor must provoke a concursus proceeding, it must be held under the provisions of the latter statute that the plaintiff in this case must provoke a concursus proceeding, since its petition shows the filing of its own claim, and shows that there is at least one other claim due by the District, arising out of this work, to the principal contractor, amounting to the sum of $453,000.00. These allegations, taken in connection with the statement in the petition that the District has in its possession the sum of $650,000.00, upon

which the present plaintiff claims a lien and privilege, sufficiently show that there are recorded claims pending against the work in question.

"The plaintiff cites the following extract from section 14 of Act No. 298 of 1926, in support of his claim that he has a right to bring this particular proceeding at this time.

" 'Nothing in this act shall be so construed as to deprive any claimant of his right of action against the surety signing any bond furnished in connection with any building contract or sub-contract, or against the principal obligor, which right of action against such obligor and said surety shall accrue at any time after maturity of the claim of the said claimant; provided, however, that before any suit is instituted against the surety prior to the registry by the owner of his acceptance of the work, or of the notice of default, such claimant shall record his claim as provided in Section 2 hereof, and shall serve a copy of said claim, in the form, and in the manner prescribed in Section 2 hereof on both the owner and the surety and provided that no suit shall be filed against the surety until thirty days after such service. Any action against the surety must be brought within one year from the registry of acceptance of the work or notice of default of the contractor.'

"All sections of this Act must be construed together, and having this principle in mind, it must be held that the language of the statute cited by the plaintiff applies in cases where there are no claims against the work. The holding of this court in no wise affects the rights of the plaintiffs to enforce any obligation the District might owe it, for it may

be enforced in a concursus proceeding as well as in an ordinary action."

For the foregoing reasons, the judgment appealed from is affirmed, at appellant's cost.