**GUESS & ALBIN v. WORMAN et al.**
No. 4974.

Court of Appeal of Louisiana. Second
Circuit.

July 15, 1935.

For former opinion, see 160 So. 162.

E. R. Stoker, of Baton Rouge, for appellant Louisiana Highway Commission.

H. W. Ayres, of Jonesboro, for appellee.

MILLS, Judge.

This suit is brought by the partnership of Guess & Albin against Harold A. Worman, a nonresident, and the Louisiana highway commission, to recover in solido, the sum of $153.78 with interest, attorney's fees, and costs, alleged to be due for work done and material furnished on project No. 3403 on route 165, south of the town of Jonesboro, in Lincoln parish. Petitioner was employed by Worman, the contractor with the highway commission, to do certain work on an overpass on said project, for which it has been paid down to the above balance. Plaintiff claims a lien and privilege, and asserts the acceptance of the work by the highway commission on May 26, 1933, and demand on defendants more than thirty days prior to the filing of this action. It alleges that the Union Indemnity Company, Worman's bondsman, became insolvent and was dissolved and that the bond is worthless. Under writs of attachment issued as to Worman, the highway commission is made garnishee.

Worman made no personal appearance. The highway commission filed in limine an exception of no cause or right of action, and in answer to the interrogatories propounded in the garnishment proceeding, avers that it is not indebted unto Worman except in connection with project No. 3403, and that these funds are not subject to garnishment and can only be reached through the provoking of a concursus. The exception being overruled, the highway commission answered, setting up as a defense the contention urged on the exception that plaintiff could only proceed through a concursus.

After due trial on March 27, 1934, judgment was rendered rejecting plaintiff's demands. No judgment having been signed in the interim, the court, on June 30, 1934,.

on plaintiff's motion for a new trial or rehearing, granted the latter. After argument on the rehearing, the court reversed itself and rendered judgment for plaintiff as prayed for, which was duly signed and from which defendant highway commission has appealed. Plaintiff does not answer the appeal requesting any alteration in the judgment.

As to the concursus, appellant relies upon sections 4 and 5 of Act No. 224 of 1918. Section 4 reads:

"If, at the expiration of said 45 days there are recorded claims filed with the said authorities and recorded in the mortgage office unpaid, the said authorities shall file a petition in the proper court where the work was done citing such claimants and the contractor, sub-contractor and surety on the bond, and the said authorities shall assert whatever claims they have against any and all of them in said petition, and require the said claimants to assert whatever claims they have against any and all of them, and all of said claims shall be tried in concursus."

Section 5 provides:

" * * * that if 45 days after the default of the contractor, or 45 days after the acceptance of the work, the said authorities do not file the said proceeding, any claimant may do so."

The act requires, and if it did not, would of necessity infer, the existence of claims in the plural, as in no other event could a concursus be invoked.

The petition discloses no claim except that of plaintiff, and affirmatively alleges that the highway commission has provoked no concursus. As an exception of no cause or right of action filed in limine is triable on the face of the petition, the exception fails and was correctly overruled.

In its answer to the interrogatories, and on the merits, while urging its contention as to a concursus, defendant highway commission nowhere sets out the existence of any other claim than that of plaintiff. In the absence of such allegation, the contention as to a concursus is a mere conclusion of law unsupported by any allegation of fact. Upon the trial of the case the highway commission offered proof of other claims, which was timely objected to and admitted subject to the objection. The objection should have been sustained as it was clearly inadmissible. With its rejection there remains no proof or allegation of fact in the record supporting the concursus defense, which therefore is eliminated.

Upon the trial plaintiff proved up its claim in the amount alleged, but its lien only to the extent of. $128.13.

Defendant highway commission complains that the surety is not made a party, but filed no exception of nonjoinder.

It further complains that a personal judgment could only be rendered against it after the contractor's bond has been attacked in a concursus proceeding as provided in section 6 of said Act No. 224 of 1918. This section provides a method by which the authorities may be relieved of personal liability in a concursus proceeding. No necessity for such a proceeding having been alleged or shown, it has no application.

The insolvency and dissolution of the surety is alleged, not denied, is proven, and has been recognized in numerous decisions. Personal liability is therefore clearly established. R. B. Tyler Co. v. Merrill Engineering Co., 181 La. 191, 159 So. 319.

Defendant further complains of the granting of the rehearing upon a motion filed more than three days after the rendition but before the signing of the judgment. It is too well settled to require citation that a motion for a new trial or rehearing may be filed at any time before the signing of the judgment. The judgment was not arbitrarily changed but was reversed only after full hearing and argument, without objection, in open court. There is no merit in this contention.

The issues presented herein are more fully discussed in the similar case of H. C. Albin v. Harvey & Jones et al., 162 So. 658, this day decided by us.

The final judgment in this case recognizes and maintains the attachment is in rem as to Worman, and personal and in solido as to the highway commission, with recognition of its lien and privilege for the full amount. As stated, it is not complained of by plaintiff.

It should be, and is, amended by reducing the amount secured by lien and privilege to $128.13, and as amended is affirmed; defendants to pay costs of both courts.