**ALBIN v. HARVEY & JONES et al.**

**No. 4975.**

Court of Appeal of Louisiana. Second Circuit.

July 15, 1935.

For former opinion, see 160 So. 163.

L. L. Morgan and E. R. Stoker, both of Baton Rouge, for appellant.

H. W. Ayres, of Jonesboro, for appellee.

TALIAFERRO, Judge.

This appeal was heretofore dismissed because the transcript did not disclose that an order of appeal had been granted. The transcript was incomplete in this respect as the appeal had been moved for and granted by the lower court. The record has been supplemented by adding the order of appeal, and the case has again been submitted to us for consideration.

Defendant Harvey & Jones, a copartnership, contracted with the Louisiana highway commission in September, 1931, to construct the road and bridge work designated as sections A and B, state project No. 819, of routes 545 and 547, Jackson parish, on a definite unit price basis, and to furnish all material and provide all labor therefor. Statutory bond for the faithful performance of the contract and payment of all labor and material bills incurred in prosecuting the work was given by the contractor, with the now extinct Union Indemnity Company as surety. Plaintiff sold and delivered to said contractor lumber and piling used in the construction of permanent bridges on said roads, of the price of which there is now

due a balance of $298.94. This suit was brought against the contractor, the individual members thereof, and the Louisiana highway commission, to recover judgment for said amount and to have recognized and enforced the lien and privilege asserted by plaintiff, as a furnisher of material and supplies on said road project, and on the funds due the contractor in the hands of the commission.

It is alleged that the commission, after being notified of the filing of plaintiff's lien, paid out to other creditors of the contractor, from the funds held by it for the contractor, amounts greatly in excess of the balance due plaintiff. It is not alleged, however, when the commission was notified of the filing of the purported lien; neither is the date of the filing or registry of the lien stated. It also is not alleged that there were any funds in the hands of the commission belonging to the contractor when the suit was filed; nor is it alleged that there are unsatisfied liens or lienable claims or accounts against the completed road and bridge project, or against the funds due on the price thereof, if any, in the hands of the commission, excepting plaintiff's own account.

It is further alleged that the Union Indemnity Company, in January, 1933, was dissolved by decree of the civil district court in New Orleans, its affairs placed in receivership, and that it is hopelessly insolvent; therefore, as surety on the contractor's bond, it cannot be made to respond for the contractor's liabilities. It is because of the alleged insolvency and insufficiency of said surety that plaintiff seeks to hold the commission personally responsible for the amount sued for, section 6, Act No. 224 of 1918, being relied upon. Objection to said surety for these reasons is set up in the petition.

The commission excepted to the petition on the ground that it did not disclose any right or cause of action against it. The exception was overruled. Harvey & Jones did not answer. As to them, issue was joined by default. The commission in its answer denied any liability whatever to plaintiff in connection with the account sued on, and averred that the total contract price was paid to the contractor, in accordance with the terms of the contract, prior to its knowledge that any amount was due to plaintiff. The allegations that the Union Indemnity Company was insolvent and its worthless-

ness as surety on the bond of the contractor, are also denied.

On March 13, 1934, the case was tried and taken under advisement, and two weeks thereafter judgment was rendered rejecting the demands of plaintiff. No judgment was then signed. On May 31st, plaintiff filed motion for rehearing and/or new trial. It does not appear that any objection was made to consideration of the motion for rehearing on account of its belated filing. On June 30th, the following minute entry appears:

"The motion for a new trial in this case having been tried and submitted, the same is this day sustained to the extent of granting a rehearing."

The case was again considered "on rehearing," September 14th, argued and submitted, and taken under advisement, no objection being made to this procedure. Thereafter judgment was awarded plaintiff, as by him prayed for. The commission appealed.

Appellant urges here that the exception of no cause and no right of action filed by it should have been sustained. In support of this contention, it is argued that plaintiff has no direct action against the commission, but should have provoked a concursus proceeding to which all creditors of the contractor, on account of work done or material furnished to enable it to complete the contract, and the commission, should have been made parties.

The petition does not disclose that there are any unsatisfied liens or claims against this road and bridge construction work, except that of plaintiff, and in these circumstances a concursus proceeding is not authorized. The exception had to be passed upon solely from the allegations of the petition. It is only when there are two or more creditors or lienors that concursus may be resorted to in order to fix and determine the respective rights, rank, and class of the claims of such creditors. It would be absurd to contend otherwise. The case of Mahoney v. Louisiana Highway Commission, 154 La. 383, 97 So. 582, 583, is authority for the doctrine that "where there are claims against the indebtedness [fund in hands of Commission], a concursus may be provoked." The plural "claims" is used in this statement.

Section 3 of Act No. 271 of 1926, amending section 2 of Act No. 224 of 1918, pro-

vides that any person to whom any money shall be due for work or labor on, or for furnishing any material or supplies in the construction of, a road or other improvement, "may file with the said authority having the said work done, and record in the office of the Recorder of Mortgages for the parish in which the said work is being done, any time after the maturity of his claim, a sworn statement of the amount due him, and any payments made thereafter by said authority without deducting the amount of the claims so served on it, shall make said authority liable for the amount of such claim."

Plaintiff's allegations bring him within the protective features of this statute. He says that after the commission had notice of the existence of his lien and the filing of his account, it paid out to other claimants funds belonging to the contractor greatly in excess of the amount sued for. If these allegations are true in fact, the commission would be personally bound to pay plaintiff the balance due him by the contractor, if the amount cannot be collected from the contractor. In addition to this, the petition discloses facts rendering the commission responsible to plaintiff because of the insolvency of the said surety. We do not think the exception well founded. The lower court's ruling thereon is affirmed.

### Merits.

The work covered by the contract was completed by Harvey & Jones prior to August 24, 1932, as it was accepted on that date. Formal acceptance by the commission was recorded in the mortgage records on September 1, 1932. Final settlement was made with the contractors on January 6, 1933, and the balance due for the work then paid over to them, or for their account. Plaintiff's account, supported by his affidavit, was filed December 6, 1933, but was not recorded in the mortgage records of Jackson parish until December 29th, which was over eleven months after final settlement with the contractor. Plaintiff candidly admits in his testimony that he never made written demand for payment of his account on the commission or the Union Indemnity Company and never notified either of the existence thereof. Therefore, his allegations that the commission paid out money belonging to the contractor after being notified of the filing of his account and the registry of his lien is incorrect. The facts show beyond any doubt that there were no funds in the commission's hands when plaintiff's lien was filed and recorded. Plaintiff's case, on its merits, does not fall within the provisions of the 1926 act, quoted above.

Plaintiff now mainly relies upon the fact that the surety on the contractor's bond became hopelessly insolvent, and its existence judicially terminated, to succeed in its suit against the commission. It is not seriously disputed that the Union Indemnity Company is insolvent, and that as surety its signature is worthless. These facts are established in several cases decided by this and other appellate courts of the state, and by the Supreme Court. R. B. Tyler Co. v. Merrill Engineering Co., 181 La. 191, 159 So. 319, 323.

■ It has been held that a materialman need not file or record the evidence of his claim in the mortgage records, nor serve same on the owner of the property, within forty-five days after acceptance of the completed work, in order to preserve intact his right to proceed against the surety on the contractor's bond to recover the amount due him. The obligations of such surety on the bond are unconditional in this regard. American Creosote Works v. Ætna Casualty & Surety Co., 167 La. 601, 120 So. 21.

■ And if the surety is insufficient or insolvent, the principal in the bond (in this case the highway commission) becomes personally responsible for such claims to the same extent that the surety would have been. R. B. Tyler Co. Case, supra.

■ The contention that plaintiff lost his right to proceed against the commission by not provoking a concursus is not well founded. There were recorded liens against the contractor, but the commission did not provoke a concursus as was its duty under section 4 of Act No. 224 of 1918. The materialman is not obligated to file such a suit, but may do so, if the public authority does not within forty-five days after default of contractor, or acceptance of the completed work. Section 5 of said act. And section 6 provides that, if no objections are made by any claimant to the solvency or sufficiency of the bond, the authority shall, ten days after service of judicial notice on each claimant having recorded claims, of the concursus proceeding, obtain from the clerk a certificate to that effect, which shall relieve the authority of any personal liability; and this section further provides:

"If objections are made to the solvency or sufficiency of the bond, they shall be tried summarily, and if the surety is found to be not solvent, or sufficient to cover the full amount for which he is bound, or if the said authorities fail to exact bond, or fail to record same within the time prescribed by law, the said authorities shall be in default and shall be liable to the same extent as the surety would have been."

In this connection the Supreme Court in the R. B. Tyler Co. Case, supra, said:

"It is clear that, within ten days after the service of judicial notice on the claimants of the concursus proceeding by the public authority, any claimant may object to the solvency or sufficiency of the bond.

"As a matter of fact, objection was made to the solvency and sufficiency of the bond in article 26 of the petition of R. B. Tyler Company provoking the concursus."

In that case the commission did not provoke a concursus, but the plaintiff, a creditor, did, and in the petition therefor objections were made against the sufficiency and solvency of the bond. It was held that the objections were timely, since no concursus was provoked by the commission. In the present case, the commission had knowledge of the filing of liens against the project, yet failed to bring about a concursus, but settled in some manner with those creditors whose claims were filed or recorded. No judicial proceedings were instituted prior to that brought by plaintiff, in which objections to the sufficiency or solvency of the contractor's bond could have been registered. In his own suit plaintiff did make such objections. Under the circumstances and facts of the case, we think these objections timely made and that plaintiff's right to hold the commission thereby preserved.

■ In the R. B. Tyler Co. Case, the contention was made by the commission, as is being done here, that the Union Indemnity Company was solvent when the bond was signed; that that fact absolved the commission from any personal responsibility on the failure of said surety. This contention was flatly rejected, the court holding:

"It is clear, from the provisions of the statute above cited, that it is not sufficient that the surety be solvent, only at the time the bond of the contractor is signed and approved, but that such solvency must exist at the time the claimants assert their claims against the public authority to hold it liable 'to the same extent as the surety would have been.'"

■ Section 1 of Act No. 10 of 1926, relative to rehearings in civil cases in the district courts, reads as follows:

"Be it enacted by the Legislature of Louisiana, That a party who believes himself aggrieved by a judgment given against him, may, within three judicial days after such judgment has been rendered, pray for a rehearing, which must be granted if there is a good cause for same."

Article 558 of the Code of Practice, relative to application for new trial in civil cases tried in district courts, is as follows:

"The party who believes himself aggrieved by the judgment given against him, may, within three judicial days after such judgment has been rendered, pray for a new trial, which must be granted if there be good ground for the same. * * *"

The language of the two laws is identical, save that the article of the Code employs the words "new trial," where the act uses the word "rehearing." Appellant contends that the alternative motion of plaintiff for rehearing, filed more than three judicial days after rendition of the judgment rejecting plaintiff's demands, came too late. There appears to be no ruling of the appellate or Supreme Courts on the question. It has frequently been held that application for new trial is timely when filed before judgment is signed, regardless of the time intervening between rendition and signing thereof. Rivers & Rails Terminals, Inc., v. L. R. & N. Co., 160 La. 931, 107 So. 700; Mercer v. Natchez, B. & S. Railway Co., 136 La. 187, 66 So. 774.

We can perceive no good reason why the rule announced in these decisions should not be appropriately applied to applications for rehearing in the district courts, and hold that it does apply. The application was timely filed. If this were not true, we do not think appellant's position tenable under the facts of the case. No objection was made by it to the filing and consideration of the alternative application for rehearing; no word of protest was made as to the lack of timeliness of the application until the case reached this court. It is too late to urge matters of this character on appeal. They should always be urged and passed on in the lower court.

For the reasons assigned herein, the judgment appealed from is affirmed, with costs.