656 So.2d 1041 (1995)
DIXIE BUILDING MATERIAL COMPANY, INC.
v.
LIBERTY SOMERSET, INC. and Ocean Marine Indemnity Company.
No. 94-CA-1373.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1995.
*1043 Henry F. Mestayer, Metairie, for appellee.
H.P. Rowley, III, Covington, for appellants.
Before BARRY, ARMSTRONG and LANDRIEU, JJ.
LANDRIEU, Judge.
Appellant, Liberty Somerset, Inc., a prime contractor, and its bonding company, Ocean Marine Indemnity Company appeal a judgment of the trial court rendered in favor of Dixie Building Materials, a concrete supplier, for payment for materials furnished to Liberty in conjunction with a public works contract. We affirm in part and reverse in part.
Dixie delivered the concrete to Liberty from June through September of 1991. The concrete was used in furtherance of a public works contract which Liberty had with St. Bernard Parish for various improvements. Subsequently, Dixie billed Liberty in the amount of $13,255.60 for labor and materials. After failing to obtain payment from Liberty, Dixie filed a materialman's lien. Still unable to procure payment, Dixie filed the instant suit against Liberty and Ocean Marine to collect the $13,255.60 plus interest from date of judicial demand as well as attorney fees.
Following a bench trial, the district court rendered judgment in favor of Dixie in the amount of $13,255.60 with legal interest from the date of judicial demand and all costs. The court also awarded Dixie expert witness fees of $400.00 and $1,325.56 in attorney fees against each of the defendants.
On appeal, Liberty and Ocean Marine set forth several assignments of error. Liberty complains that the trial court erred in ordering it to pay $13,255.60 to Dixie for concrete which they claim was defective and which included inflated standby fees. On this issue, the trial court held that the defendants failed to prove that the concrete exhibited the claimed redhibitory defects. In support of its finding, the court cited the testimony of a concrete testing expert, retained by Liberty, who testified that the concrete was of good quality and opined that the foreign matter found in the concrete had originated in the base laid for the concrete which was prepared by a party not employed by either plaintiff or defendants. As this finding of fact is supported by the record, it will not be set aside absent manifest error which error does not exist.
Liberty also asserts that the trial court judge erred in requiring it to prove the source of the concrete defect. While it is true that a buyer does not have to prove the source of a redhibitory vice, he must prove the existence of one. Here, the trial court concluded that the concrete was not itself defective, but that it became contaminated by an unidentified source. The court did not require Liberty to prove this source, rather the court rightfully required it to prove that a defect in fact existed in the concrete material itself. Again, the record supports the finding that the concrete material was of good quality.
Further, Liberty urges that it does not owe the plaintiff the portion of the fees attributable to the standby charges because those charges were inflated with improper inclusions. Standby charges represent a fee charged to the customer for the time spent on a job site after a previously designated time allotment for the particular job. Three experts testified regarding standby fees, each of the witnesses confirmed that the amounts charged by Dixie were standard for the industry. The record failed to establish that any improper inclusions were added to the standby fees. Therefore, this argument must also fail.
*1044 Additionally, Liberty contends that the trial court erred in dismissing its reconventional demands for damages caused by the "defective" concrete and the recordation of a lien against the wrong contract. As we have concluded that these arguments are not valid, we find that the dismissal of these demands was appropriate.
Ocean Marine contends that Dixie's claim against it has prescribed. This contention is without merit. The statutory provision requires that a claimant bring suit "against the surety or contractor within one year from the registry of acceptance of the work or notice of default of the contractor..." La.Rev.Stat.Ann. § 38:2247 (West 1989). Ocean Marine urges that the notice and recordation requirements were not met within one year from registry of acceptance, and in fact have never been met. Ocean Marine argues that when Dixie filed its sworn statement containing the amount due with the proper governing authority, as required by La.Rev.Stat.Ann. § 38:2242(B) (West 1989), the statement referenced the wrong contract.
The correct contract number is E-011-91. Inadvertently, E-021-91 was referred to in the sworn statement. The evidence establishes that all parties to this litigation unintentionally referenced the wrong contract number in numerous pieces of correspondence in this matter. Further, La.Rev. Stat.Ann. § 38:2242(B) requires only a sworn statement containing the amount due to be filed with the governing authority having the work done and this statement is to be recorded in the office of the recorder of mortgages for the parish where the work is done. The statute does not require the sworn statement to include a reference to the contract number, but rather general information regarding the amount due thereunder.
Ocean Marine also argues that the trial court erred in finding that it is liable to Dixie on the payment bond because the concrete furnished by Dixie was used by Liberty on a non-public portion of the contract. This contention is also without merit. The removal of the circle drive at Serpas street was completed in the ordinary course of the work Liberty performed pursuant to its contract with St. Bernard Parish and was thereby covered by the payment bond.
Further, Liberty and Ocean Marine argue that the trial court erred in ordering each of them to pay $1,325.56 in attorney fees, thereby allowing double recovery of attorney fees. We agree. Authority for the attorney fees levied against appellants exists in Public Works Act, which provides the exclusive remedies available to parties in public construction work. Metro Builders Hardware Inc., v. Burko Construction Inc., 93-1970 (La.App. 4th Cir. 2/25/94); 633 So.2d 838. The record establishes that the statutory requirements for recovery of attorney fees, under La.Rev.Stat.Ann. 38:2246 (West 1989), have been met. However, the trial court erred in awarding attorney fees against both Liberty and Ocean Marine by applying La.Rev.Stat.Ann. § 9:2781 and § 9:3202 (West 1991), to a claim under the Public Works Act. Therefore, we reverse the portion of the trial court's judgment which provided for recovery of additional attorney fees based on provisions outside of the Public Works Act.
Finally, appellants complain that the trial court erred in failing to grant their motions for new trial which were based on the assertion that a material witness was under subpoena and failed to appear at trial under suspicious circumstances. Appellants argue that Mr. Efrain Morales had been subpoenaed for the originally scheduled trial in this matter set for March 22, 1993, and that when Dixie moved for a continuance the trial court judge ordered all subpoenas to remain in effect. La.Code Civ.Proc.Ann. art. 1355.1 (West 1984), provides the only method by which a subpoena can be properly reissued. In sum, the article requires that the subpoena may be served in accordance with La.Code Civ.Proc.Ann. art. 1355 (West 1984), which provides the method for serving an original subpoena, or that a copy of the original subpoena together with a notice of the new date and time may be mailed by registered or certified mail, return receipt requested.
The testimony at the hearing on the motion established that neither of these methods *1045 was complied with by the appellants. Appellants urge that compliance was not required because the trial judge had ordered the subpoenas to remain in effect and not that they be reissued. However, Mr. Morales testified that when he appeared in court for the original trial he was informed by court personnel that his duties were completed and that it was then his understanding that he did not have to reappear. Later he was contacted by Liberty by ordinary mail and a phone call and asked to appear for the November 23, 1993, trial. He informed them that he could not appear due to work obligations. At the hearing, Liberty produced a letter dated November 3, 1993, addressed to Mr. Morales informing him of the new trial date. However, this letter did not comply with the requirements of La.Code Civ.Proc. art. 1355.1. Thus, the trial court was correct in denying the motion for new trial.
The judgment of the trial court for $13,255.60 with legal interest from date of judicial demand, all costs and $400.00 in expert witness fees is affirmed. The award of $1,325.50 for attorney fees based on provisions outside the Public Works Act is reversed.
AFFIRMED IN PART; REVERSED IN PART.
PLAINTIFF'S APPLICATION FOR REHEARING GRANTED; DEFENDANT'S APPLICATION FOR REHEARING DENIED
We granted plaintiff's application for rehearing solely to clarify our original opinion on the issue of attorney fees. As we stated in our original judgment, only the award of attorney fees based on statutory provisions outside of the Public Works Act are reversed. Hence, the fees awarded pursuant to La.Rev.Stat.Ann. § 38:2246 (West 1989), are affirmed. Accordingly, we find that the defendants are liable for $1,325.56 in attorney fees pursuant to this provision of the Public Works Act. Defendant's application for rehearing is denied.