723 So.2d 470 (1998)
KEWAUNEE SCIENTIFIC CORPORATION
v.
CHARLES RAGUSA & SON, INC. and Fidelity & Deposit Company of Maryland.
No. 97 CA 1823.
Court of Appeal of Louisiana, First Circuit.
September 25, 1998.
*471 James S. Holliday, Jr., Baton Rouge, Louisiana, David L. Tank, appearing pro hac vice, Atlanta, GA, Counsel for Plaintiff/Appellant, Kewaunee Scientific Corporation.
J. Michael Johnson, W. Scarth Clark, New Orleans, Counsel for Defendant/Appellee, Charles Ragusa & Son, Inc.
BEFORE: GONZALES, KUHN and WEIMER, JJ.
GONZALES, J.
In this action, the trial court dismissed a subcontractor's suit against a contractor and the contractor's surety pursuant to an exception of no cause of action. The trial court determined that, in order to pursue payment for work it performed, the subcontractor was required to file a concursus proceeding pursuant to La. R.S. 38:2243 of the Louisiana Public Works Act, La. R.S. 38:2241 et seq., rather than proceeding by a direct action against the contractor and its surety. From this adverse judgment, the subcontractor appeals.

FACTS AND PROCEDURAL HISTORY[1]
By contract dated May 1, 1991, the Louisiana Agricultural Finance Authority (LAFA) hired Charles Ragusa and Son, Inc. (Ragusa) as general contractor for the construction of the Agricultural Chemistry Building at Louisiana State University (LSU) in Baton Rouge, Louisiana. By subcontract dated June 23, 1992, Ragusa hired Kewaunee Scientific Corporation (Kewaunee) to install certain laboratory furnishings and equipment in the building. Kewaunee performed its contractual obligations but was not paid in full. Pursuant to La. R.S. 38:2242(B), on March 21, 1994, Kewaunee recorded a Sworn Statement of Amount Due in the mortgage records of East Baton Rouge Parish, claiming that Ragusa had not paid in full for work performed by Kewaunee and that Ragusa owed Kewaunee a balance on the subcontract of $38,755.06. On December 14,1994, LAFA recorded a Notice of Default of Building Contract in the mortgage records of East Baton Rouge Parish, stating that Ragusa was in default on the LSU construction project.
On December 8, 1995, Kewaunee filed the instant suit against Ragusa and its surety on the construction project, Fidelity and Deposit Company of Maryland (F & D), alleging the defendants were solidarily liable for the unpaid balance on the subcontract. The defendants answered the petition and subsequently filed a peremptory exception of no cause of action, claiming that Kewaunee did not have a direct cause of action against Ragusa, as the contractor, and that Kewaunee's exclusive remedy was to file a concursus proceeding against LAFA pursuant to La. R.S. 38:2243 of the Louisiana Public Works Act.
A hearing was held on February 3, 1997, and the trial court subsequently signed a judgment granting the defendants' exception of no cause of action and also granting Kewaunee leave to amend its petition. In oral reasons for judgment, the trial court stated that, based on its interpretation of La. R.S. 38:2243, Kewaunee's claim had to be tried in a concursus proceeding.
Kewaunee appeals from this adverse judgment, contending that the trial court erred in granting the defendants' exception because: (1) the court apparently did not consider the effect of La. R.S. 38:2247, and (2) the court ignored cases by the Louisiana Supreme Court and by this court which preclude Kewaunee from recovering the attorney fees it has prayed for in a concursus proceeding under La. R.S. 38:2243.

RIGHTS OF CLAIMANTS SEEKING PAYMENT UNDER THE PUBLIC WORKS ACT
Whenever a public entity enters into a contract for the construction of a public *472 work, the public entity shall require the contractor to obtain a bond of no less than 50% of the contract price for the payment by the contractor to claimants on the contract. La. R.S. 38:2241(A)(1), (2).[2] A "claimant" is any person to whom money is due pursuant to a contract with the owner of the public work, or pursuant to a contract with a contractor or a subcontractor involved in the construction of the public work. La. R .S. 38:2242(A)(1), (2). Any claimant may, after the maturity of his claim, and within 45 days after the recordation of the acceptance of the work by the public entity, or of notice of default of the contractor or subcontractor, file a sworn statement of the amount due him with the public entity having the work done, and record it in the mortgage records of the parish in which the work is done. La. R.S. 38:2242(B). If, at the expiration of the 45 days, any filed and recorded claims are unpaid, the public entity shall file a petition in the proper court of the parish where the work was done, citing all claimants and the contractor, subcontractor, and surety on the bond. The public entity shall assert whatever claims it has and shall require the claimants to assert their claims as well. If the public entity fails to file the proceeding, any claimant may do so. La. R.S. 38:2243(A).
The basis of the dispute in this case arises from two statutory provisions in the Public Works Act which address the manner in which claims are to be judicially pursued. According to La. R.S. 38:2243(B), the claims of the public entity and any claimants "shall be tried by concursus and the claims of the claimants shall be paid in preference to the claims of the public entity." However, La. R.S. 38:2247 states that nothing in the Public Works Act "shall be construed to deprive any claimant ..., who has complied with the notice and recordation requirements of R.S. 38:2242(B), of his right of action on the bond furnished pursuant to this Part, provided that said action must be brought against the surety or the contractor or both within one year from the registry of acceptance of the work or of notice of default of the contractor...."
In granting the defendants' peremptory exception of no cause of action, the trial court apparently concluded that the concursus proceeding provided for in La. R.S. 38:2243(B) was Kewaunee's exclusive remedy for recovery of monies due from Ragusa and F & D. However, Kewaunee argues that La. R.S. 38:2247 provides an alternative remedy to the concursus proceeding and that this alternative remedy allows it to proceed directly against Ragusa and F & D.

INTERPRETATION OF LOUISIANA REVISED STATUTES 38:2243(B) AND 38:2247
Louisiana Civil Code article 13 provides that laws on the same subject matter must be interpreted in reference to each other. In interpreting one part or section of an act, the part or section should be interpreted in connection with the rest of the act, and if applicable, in connection with other laws on the same subject matter. Thibaut v. Board of Commissioners of Lafourche Basin Levee District, 153 La. 501, 96 So. 47, 48 (1923). Statutes on the same subject should be construed in harmony and unnecessary conflict should be avoided. All parts of a statute should be given effect, and an interpretation making any part superfluous or meaningless should be avoided. First National Bank of Boston v. Beckwith Machinery Company, 94-2065 (La.2/20/95), 650 So.2d 1148, 1153. Applying these principles of statutory interpretation, and in light of prior jurisprudence interpreting the Public Works Act, we conclude that the trial court erred in granting the defendants' peremptory exception of no cause of action under the facts of this case.
We first note that the concursus required by La. R.S. 38:2243(B) applies only when filed and recorded claims are made and remain unpaid 45 days after the public entity's acceptance of the work or after notice of the contractor's default has been filed. When filed and recorded unpaid claims exist in relation to a public works job, a concursus *473 proceeding provides the most efficient means by which to resolve the competing claims. The concursus provides a special, speedy, and summary remedy to enable the public entity letting the work, or, on its default, any claimant against the contractor, to bring all interested parties together before one court and in one proceeding, to the end that their respective rights as between themselves and as against the contractor and his surety might be recognized and adjusted. Seal v. Gano, 160 La. 636, 107 So. 473, 475 (1926). Thus, it has been held that when there are recorded unpaid claims against the contractor on a public works job, the contractor or his assignee cannot directly sue the public entity for payment, but rather, must invoke a concursus. Shreveport Producing & Refining Corporation v. City of Shreveport, 175 La. 61, 143 So. 5, 6 (1932); Mahoney v. Louisiana Highway Commission, 154 La. 383, 97 So. 582, 583-584 (1923); Spencer Bros. v. McBride, 9 La.App. 284, 120 So. 114, 115 (La.App. 2nd Cir.1928). However, if there are no recorded claims, the contractor may directly sue the public entity for breach of contract and is not limited to a concursus action. Terrill Construction Company v. Town of Pineville, 168 La. 894, 123 So. 611, 612 (1929); see also George A. Fuller Company v. Coastal Plains, Inc., 290 F.Supp. 911, 917 (M.D.La.1968). In such a case, the protection of a concursus proceeding is unnecessary because there are no recorded unpaid claims against the contractor which need to be resolved before he can pursue payment from the public entity.
Each of the above cases dealt with a contractor's claim for payment against the public entity responsible for the public works project. However, we see no reason why the same jurisprudential rules should not be applied to claims made by any claimant. That is, when there are recorded unpaid claims against the contractor on a public works project, a claimant should not directly sue the public entity responsible for the project, but must invoke a concursus proceeding pursuant to La. R.S. 38:2243(B). If there are no recorded claims, a claimant seeking payment from the public entity should be able to proceed directly against the public entity, without the necessity of invoking a concursus. See S.K. Whitty and Company, Inc. v. Laurence L. Lambert & Associates, 632 So.2d 364, 366-367 (La.App. 4th Cir.1993), writ denied, 94-0966 (La.6/3/94), 637 So.2d 506.[3]
The defendants argue that the above jurisprudential rules limit Kewaunee's cause of action herein to a concursus proceeding. We disagree. The above rules do not apply to the instant case because Kewaunee, as a claimant, has only sued Ragusa and F & D, the contractor and its surety on the LSU construction project, and has not sued LAFA, the public entity involved in the project.
Regarding Kewaunee's right to sue Ragusa and F & D directly, we note that La. R.S. 38:2247 specifically reserves the right of a claimant to do so. Despite the mandatory language of La. R.S. 38:2243(B) which requires a concursus, La. R.S. 38:2247 declares that nothing in the Public Works Act shall deprive a claimant, who has complied with the applicable notice and recordation requirements, of his right of action on the bond against the contractor and/or the surety. In order to reconcile and give effect to these two provisions, La. R.S. 38:2243(B) must be read to require a concursus only when there are recorded unpaid claims and when the claimant chooses to pursue payment from the public entity. Otherwise, in the absence of recorded unpaid claims, and when the claimant seeks no relief from the public entity involved in the public works project, he is free to pursue a direct action against the contractor and/or surety under La. R.S. 38:2247. This right to proceed under La. R.S. 38:2247 is well recognized. See Dixie Building Material Company, Inc. v. Liberty Somerset, Inc., 94-1373 (La.App. 4th *474 Cir.3/29/95), 656 So.2d 1041, writ denied, 95-1828 (La.10/27/95), 661 So.2d 1346; James A. Teague Rental Equipment, Inc. v. Audubon Park Commission, 93-1728 (La.App. 4th Cir.1/27/94), 631 So.2d 1299, 1300-1301; Central Gulf Electrical Contractor, Inc. v. M.P. Dumesnil Construction Company, Inc., 471 So.2d 1148 (La.App. 3rd Cir.1985).

PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION
The peremptory exception of no cause of action is a procedural device used to test whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. Leon v. Deters Custom Homes, Inc., 97-0772 (La.App. 1st Cir.4/8/98), 711 So.2d 346, 348. The court must accept well-pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. Walters v. Rubicon, Inc., 706 So.2d at 505-506. An appellate court owes no deference to a trial court's ruling granting an exception of no cause of action because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690 (La.7/5/94), 640 So.2d 237, 253.
Accepting the allegations of Kewaunee's petition as true, we conclude that the trial court erred in determining that the law afforded Kewaunee no remedy for the grievance asserted. Under the facts alleged, the trial court erred in limiting Kewaunee's remedy to a concursus proceeding as provided in La. R.S. 38:2243(B) by failing to recognize the availability of the direct action against a contractor and/or the contractor's surety as provided for in La. R.S. 38:2247.

DECREE
For the foregoing reasons, the trial court judgment, granting the defendants' exception of no cause of action, is REVERSED. The exception is DENIED and this case is REMANDED to the trial court for further proceedings according to law and consistent with this opinion. Costs of this appeal are assessed to Ragusa and F & D.[4]
NOTES
[1] This case is before us on review of the trial court's ruling granting the defendants' exception of no cause of action. In determining whether a plaintiff has stated a cause of action, the court looks to the facts as set out in the petition, accepting them as true without regard to extrinsic evidence. La. C.C.P. art. 931; Walters v. Rubicon, Inc., 96-2294 (La.App. 1st Cir.12/29/97), 706 So.2d 503, 505; Albin v. Harvey & Jones, 162 So. 658, 659 (La.App. 2d Cir. 1935) (on rehearing). Thus, the facts stated in this opinion are taken from the plaintiff's petition.
[2] By 1997 La. Acts No. 119, § 1, La. R.S. 38:2241 (A)(2) was amended to make the bond requirement applicable only when the public works contract is in excess of the "contract limit" as defined in La. R.S. 38:2212.
[3] We note that the Second Circuit Court of Appeal has held that a concursus proceeding is only necessary when there are multiple recorded unpaid claims associated with a public works project. Guess & Albin v. Worman, 162 So. 662 (La.App. 2d Cir.1935) (on rehearing) and Albin v. Harvey & Jones, 162 So. at 659. When the claimant filing suit against the public entity is the only claimant to have recorded his claim, these two cases hold that the claimant may proceed directly against the public entity and the contractor, without the need for invoking a concursus.
[4] Because we decide this case on the availability of the direct action provided by La. R.S. 38:2247, we need not address Kewaunee's argument regarding the availability of a direct action to pursue the recovery of attorney fees.