(114 So. 119)

No. 26869.

## FAVALORA v. BOURGEOIS et al.

July 11, 1927.   Rehearing Denied Oct. 4, 1927.

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⊂⊃188 — **Contractor and surety served with original petition in concursus proceeding, not objecting to want of citation or to proof of claims, cannot object on appeal to judgments against creditors brought in by supplemental petition.**

Where contractor and surety were served with original petition in concursus proceeding by owner and did not object to want of citation in limine or to proof of creditors' claims, they cannot object on appeal that issue was not joined between them and creditors named in supplemental petition, and that no judgment can be rendered against them in favor of such creditors.

2. **Interpleader** ⊂⊃35—**Furnisher of lumber to contractor brought into concursus proceeding by owner held not entitled to recover attorney's fees (Act No. 225 of 1918).**

Under Act No. 225 of 1918, furnisher of lumber to contractor brought into concursus proceeding by owner is not entitled to recover attorney's fees.

3. **Interest** ⊂⊃65—**Furnisher of materials to contractor brought into concursus proceeding without filing pleadings held not entitled to interest on its recorded lien.**

Where furnisher of brick to contractor was brought into concursus proceeding and filed no pleadings, it was not entitled to interest on amount of its recorded lien.

4. **Mechanics' liens** ⊂⊃35—**Claim resulting from breach of contract between claimant and contractor, whereby another party did work claimant had contracted to do, should be rejected.**

In concursus proceeding, claim resulting from alleged breach of contract between claimant and contractor, whereby another party did work claimant contracted to do, should have been rejected, since claim was not for supplies furnished nor for work done on building.

5. **Mechanics' liens** ⊂⊃226—**Judgment in concursus proceeding for owner, who required bond of contractor, and recorded contract and bond, and made no payments after filing notice of any claim, and deposited balance of contract price in registry of court, held proper.**

Where owner required contractor to give bond, and recorded contract and bond in mortgage office, and made no payments after notice of any claim was filed, and deposited balance of contract price in registry of court, he was not liable to any claimants, basing claims on supplying materials, and, in concursus proceeding, judgment for such owner against contractor, contractor's surety, and claimants was proper.

6. **Interpleader** ⊂⊃35—**Contract held to entitle owner to attorney's fees in concursus proceeding.**

Where building contract provided that, if owner, through fault of contractor, or any one under or through him, was forced to employ attorney, he should be entitled to attorney's fees, such owner bringing concursus proceeding against contractor, bondsmen, and claimants was entitled to recover attorney's fees.

7. **Contracts** ⊂⊃232(4) — **Contractor, building house on specified locus, held not entitled, under contract, to extra pay for cutting down trees.**

Under contract providing that nothing should be charged for and allowed as extra, unless order therefor was given in writing and price agreed on in advance, contractor, agreeing to build house on specified locus which he saw, was not entitled to recover, in concursus proceeding, for cutting down trees.

O'Niell, C. J., dissenting in part.

Appeal from Civil District Court, Parish of Orleans; H. C. Cage, Judge.

Concursus proceeding by Frank G. Favalora against Michel Bourgeois and others. From the judgment below, the defendants Bourgeois, the New Amsterdam Casualty Company, and the National Sash & Door Company appeal. Affirmed.

George J. Untereiner, of New Orleans, for appellant Bourgeois.

Lemle, Moreno & Lemle, of New Orleans, for appellant New Amsterdam Casualty Co.

Merrick & Schwarz and Paul E. Chasez, all of New Orleans, for appellant National Sash & Door Co.

Dart & Dart and Leo L. Dubourg, all of New Orleans, for appellee J. J. Clarke Co., Limited.

Carbajal & Gaudin and Milton R. De Reyna, all of New Orleans, for appellees Joseph Petrie & Son.

John J. Reilley, of New Orleans, for appellee A. Stef Lumber Co., Inc.

Azzo J. Plough, of New Orleans, for appellees F. G. Favalora & Sons.

John C. Hollingsworth, of New Orleans, for appellees owner and executors.

BRUNOT, J. This is a concursus proceeding. Michel Bourgeois contracted with Frank G. Favalora to build a dwelling on the latter's property for the sum and price of $8,840, to be paid in eight installments, six of said installments of $1,000 each to be paid during the progress of the work, one of $1,-240 when the work was finished and accepted by the owner, and one of $1,600, 45 days thereafter. A contract and specifications covering the proposed work was executed and recorded and the New Amsterdam Casualty Company bound itself as the contractor's surety for the performance of the contract and the payment of all labor and materials used in the construction of the building. After the building was completed and plaintiff had recorded his acceptance of it, he obtained a certificate of mortgages, which showed that several claimants had recorded liens, as furnishers of supplies and materials, against the building and lot on which it was erected. These liens, together with the amount admitted to be due for extra work, aggregated a total in excess of the balance alleged to be due the contractor. The plaintiff thereupon filed this proceeding, deposited the balance alleged to be due by him to the contractor in the registry of the court, made the lienholders named in the certificate of mortgages, and the defendant and his surety, the New Amterdam Casualty Company, parties to the suit, and prayed that they be cited accordingly. He also prayed for a judgment ordering the cancellation of the liens and for attorney's fees. Other liens were recorded after the petition was filed and the holders thereof were made parties to the suit in a supplemental petition.

The contract provides that no extra work shall be done upon the building over and above the contract price, except upon a written contract between the parties covering the extra work to be done and fixing the cost thereof, and it is alleged in the petition that the total cost of all extra work agreed upon between the parties amounted to $112.

All of the lienholders answered the petition and prayed for judgment against the owner, the builder, and the surety for the full amount of their respective claims, with interest thereon and for costs, and A. Stef & Co., one of the claimants, prayed for 10 per cent. additional as attorney's fees, basing this demand on the provisions of Act 225 of 1918.

Michel Bourgeois, the contractor, after joining issue on the material averments of the petition, reconvened and prayed that plaintiff's suit be dismissed and that judgment be rendered in his favor and against the plaintiff, on his reconventional demand, for $12,088, less $3,852, the amount deposited by the plaintiff in the registry of the court, with legal interest on the difference between said sums from June 20, 1922, until paid and for costs. This defendant's claim in reconvention is based upon many alleged arbitrary and fraudulent demands made upon him by the plaintiff and his architect or superintendent, and for alleged extra work done and for damages. The answer of the New Amsterdam Casualty Company admits that the contract requires a written order for extra work, but it avers that this provision of the contract was waived by the parties. With respect to the substitution of pressed brick for the brick called for by the specifications, this defendant alleges that the said substitution was made without its knowledge. In all other respects the answer is in the nature of a general denial.

Upon issue being thus joined, the court, under the provisions of Act 52 of 1912, appointed Mr. Henry B. Curtis, special commis-

sioner, to examine and report on the law and the facts applicable to this concursus proceeding. The special commissioner sat for several days hearing the testimony and the arguments of counsel, and, some time thereafter, filed a lengthy and exhaustive report of all proceedings had before him, together with his findings of fact and his recommendations as to the proper judgments which should be rendered thereon. The learned trial judge concurred in all of the commissioner's findings of fact and recommendations, except as to the amount of the judgment to be rendered in favor of the contractor on his reconventional demand, and the commissioner's finding that the plaintiff is not entitled to attorney's fees, and, with these two exceptions, the commissioner's recommendations were made the basis of the court's judgment. From this judgment the contractor and his surety both appealed.

[1] The appellants show that they were not served with the supplemental petition filed by the plaintiff, and, as issue was not joined between them and the lienholders named in the supplemental petition, they contend that no judgment can be rendered against them herein in favor of said creditors. The commissioner found that both appellants were served with the original petition. Neither objected to a want of citation, in limine, and neither objected to the proof offered by the creditors in support of their respective claims, and, as the point was not made until after the issues had narrowed down to those between the owner and the contractor and his surety, it was the court's duty to render judgment on the merits of the demands of all of the creditors. This finding was thus approved by the trial judge:

"By appearing and trying out their cases contradictorily with the parties, they waived citation and subjected themselves to the jurisdiction of the court. Had they not appeared, a different case would be before the court."

[2] As to the claim of the Stef Lumber Company, the commissioner found that the claimant was entitled to recover for all of the lumber sold and delivered by it to the contractor for use in the building, but that the claim of this creditor for 10 per cent. attorney's fees should not be allowed for the reason that attorney's fees, under the provisions of Act 225 of 1918, are only recoverable when a suit is filed by the creditor against the contractor and his surety. The commissioner says:

"I do not consider the intervention filed by the lumber company as a suit against the principal and surety within the meaning of the terms of the act."

[3] The commissioner found that Acme Brick Company is entitled to judgment for the amount of its recorded lien, but is not entitled to interest thereon, because it filed no pleadings in the case, and interest, unlike the costs of court, must be judicially claimed.

[4] The commissioner found that the claim of Frank Comment should be rejected, because it results from an alleged breach of contract between the claimant and contractor, whereby another party did the work he had contracted to do. His only remedy is a suit for damages against the contractor, for the claim is neither for supplies furnished nor for work done on the building.

[5] In the same manner and with equal clarity the commissioner separately considers the claims of the other creditors and recommends the rendition of a judgment in favor of each and against the contractor and his surety for the amount of the respective asserted claims, and, as to these claims, he recommends that judgment be rendered in favor of plaintiff and against the defendant as prayed for in the original and supplemental petitions. The commissioner's reasons for reaching this conclusion are as follows:

"He (the owner) appears to have strictly adhered to the letter of the law. He required the bond as provided by law, and there is no objection to the sufficiency of the surety. He recorded the contract and bond in the mortgage office. He certainly has made no payments to the contractor after notice of any claim was filed upon him. He has deposited the balance of the contract price in the registry of the court, and therefore, as there was no privity of contract between him and any of these claimants, he cannot be held liable to any of them, unless he has failed to comply with some provision of the law applicable to and governing building contracts. Such noncompliance has not only not been proven, but, on the contrary, it is clearly shown that the owner complied strictly with the law."

[6] After disposing of the claims of all of the creditors, the commissioner considered the two remaining questions, viz.: Whether or not the plaintiff, owner, may recover from the contractor the fees of his attorney, and to what extent, if any, is the contractor entitled to judgment against the owner, on his reconventional demand. The commissioner recommended that the plaintiff's attorney's fees should not be allowed. The trial judge declined to accept this recommendation. There is a clause in the contract which stipulates for attorney's fees. It is as follows:

"Should the owner, through any fault of the contractor, or any one under him or through him, be forced to employ an attorney in reference to this contract, the said contractor shall be liable to such owner in addition to all other sums of money for such fees as may be incurred, not to exceed $500."

The commissioner reached the conclusion that the clause of the contract relating to attorney's fees was in the nature of a penalty, and should be strictly construed, and under such a construction the clause had application only when the contractor was chargeable with some breach of the contract which necessitated the employment of an attorney. The trial judge, however, says:

"I cannot agree with the finding of the commissioner that the owner is not entitled to attorney's fees. It certainly was owing to the fault of the contractor that the amounts he incurred as debts to the furnishers of labor and materials were not paid at maturity. The failure to pay them brought on the liening of the building, and this made the employment of counsel necessary in this proceeding. I think that these fees should be allowed and the maximum named in the contract, viz. $500, is not excessive."

[7] On the remaining point the commissioner has accurately stated every claim set up in the contractor's answer and reconventional demand and has exhaustively reviewed the testimony given in support of each item thereof. He finds that the contractor's claim of $5,000 as damages is fantastical and untenable and that all of the items, except three for which the contractor claims additional pay, are called for by the contract. The items not called for by the contract and the cost of each are the following: For cutting down trees on the building site, $54.40; for the cost of putting transoms in the skylights and the contractor's commission thereon, $28.40; and for additional hardware, $80.40; or a total of $163.20.

The trial judge rejected the item for cutting trees on the building site, and gives the following reasons for doing so:

"The contractor agreed to build the house on a specified locus. He necessarily saw the situs, and whatever was necessary to locate the house thereon he contracted to do. If a rock was in the way, he had to blast it out. If a tree was in the way, he had to cut it down. He agreed that nothing should be charged for and allowed as an extra, unless the order therefor was given in writing, and the price therefor agreed on, in advance. * * *

"The contract is the law between the parties, and binds them to the same extent as do the laws passed by the Legislature."

It is apparently for the same reason that the trial judge omitted from the judgment in favor of the contractor, on his reconventional demand, the item of $28.40 for putting transoms in the skylights.

We have carefully read this voluminous record and have reached the conclusion that the commissioner has accurately resolved the

facts and that the court has properly applied the law to the facts found. The judgment is therefore correct, and it is affirmed, at appellant's cost.

O'NIELL, C. J., is of the opinion that the concursioner's report was correct.