## LEVINGSTON SUPPLY CO. v. AMERICAN EMPLOYERS INS. CO.

### No. 2156.

Court of Appeal of Louisiana. First Circuit.

Nov. 9, 1940.

Rehearing Denied Dec. 12, 1940.

J. Oliver Bouanchaud, of Baton Rouge, for appellant.

Jones & Stewart, of Baton Rouge, for appellee.

LE BLANC, Judge.

The following facts, as alleged in the plaintiff's petition herein are not disputed:

On June 22, 1939, Thomas O. Woods entered into a contract with Louis A. Spedale for the erection and construction of a one-story frame dwelling on a lot of ground belonging to Woods and situated in a suburb of the City of Baton Rouge known as University Gardens. The contract price was $3,600, the contractor agreeing to furnish all labor and material necessary to complete the job on or before August 26, 1939. The American Employers Insurance Company, defendant herein, executed its bond as surety for the faithful performance on the part of the contractor of all obligations undertaken by him and for the payment of all subcontractors, workmen, laborers, mechanics and furnishers of materials in the execution of the contract, which bond was duly recorded in the mortgage records of East Baton Rouge Parish on June 23, 1939.

On August 1, 1939, Spedale, the contractor, entered into a contract with J. W. Stabler under the terms of which the latter was to furnish all labor and material and do all the plumbing work in the construction of the said dwelling and on various dates between August 1st, and August 30th, 1939, plaintiff sold and delivered to the said J. W. Stabler plumbing supplies and materials to the amount of $394.72, all of which were used on the job.

On October 6, 1939, plaintiff recorded an affidavit as to the correctness of its claim in the mortgage records of East Baton Rouge Parish and paid a recording fee of $1 therefor. Various other liens including one of Baton Rouge Sash & Door Works, Inc., plaintiff in a companion suit to this one, Baton Rouge Sash & Door Works, Inc. v. Spedale, 198 So. 420, were also filed and recorded against the property of the owner, Thomas O. Woods. The claim of the Baton Rouge Sash & Door Works, Inc., amounts to $686.95 plus $1 recording fee.

On November 17, 1939, plaintiff made demand on the defendant surety company for payment of its claim in the sum of $394.72 by letter which was received by the said surety company on November 18, 1939, and prior to that date, plaintiff also made written demand on Spedale, the contractor, for the full amount of its claim. Neither of these demands was complied with.

This suit was filed December 19, 1939, service of citation being made on December 20, 1939, and plaintiff's present demand is for the amount of its claim plus $1 recording fee and 10 per cent. additional as attorneys' fee which it contends it is entitled to recover from the surety under the provisions of Act 225 of 1918.

In addition to the foregoing it is necessary in order to enter into a consideration of the issues presented in this case to recite the following facts:

On December 8, 1939, eleven days prior to the filing of the present suit, Thomas O. Woods, the owner, provoked a concursus proceeding in the district court of East Baton Rouge Parish, and in his petition he alleges that he had a contract with Spedale for the sum of $3,600 to complete the erection and construction of the frame dwelling on his property and that he made payments aggregating the sum of $3,240. The work was completed and accepted by him and in accordance with the provisions of the contract he retained the sum of $360, the final payment due thereunder. He alleges that he has been notified by numerous parties of claims which they have amounting to far more than the amount retained by him and names four such parties, including the plaintiff in this suit and the Baton Rouge Sash & Door Works, Inc., plaintiff in the companion suit. The amounts which it alleged are claimed by them are the same as the amounts previously referred to herein.

He avers that some of these creditors are threatening suit and in order to avoid a multiplicity of suits he tenders the $360 due by him and deposits the same in the registry of the court and then avers that he is entitled to a cancellation of the liens against his property and also to a reasonable attorneys' fee in the concursus proceeding. He asks for citation on the four creditors

named in his petition, and also on the contractor and on the defendant surety company herein, and that he be relieved from any and all claims or demands over the amount of $360 deposited by him and prays that if the amount so deposited be not sufficient to pay all of the claimants that the contractor and the surety company be condemned in solido to make up the deficit.

On the same day on which the concursus proceeding was filed, acceptance of service was made by the plaintiff herein and the Baton Rouge Sash & Door Works, Inc., was served with citation on December 11, 1939.

No appearance seems to have been made by the plaintiff and the Baton Rouge Sash & Door Works, Inc., prior to December 21, 1939, which was the day before the defendant herein was served in the present suit. On that date, however, there was a note of evidence taken in the concursus proceeding and on motion of counsel, judgment was rendered and signed releasing the owner from further liability than the amount deposited by it and cancelling the liens recorded against his property.

In the present suit, the defendant, surety company, has filed an exception of no cause or right of action and also an exception of prematurity. This latter exception is based on the ground that the plaintiff has alleged in its petition that there are other claimants who have recorded liens against the property of the owner and are now asserting their claims, and therefore whatever rights, 'if any, the plaintiff may have against defendant, can be asserted only in a concursus proceeding, and that the owner having filed such a proceeding against defendant and all other parties asserting liens, including the plaintiff in this suit, the latter should be relegated to that proceeding which is now pending before the court. Both these exceptions were overruled and as far as the record discloses there were no other pleadings filed by the defendant although it is stated in brief of counsel that it did file an answer putting at issue all of the allegations made in the plaintiff's petition. No point is made by the plaintiff on this score and both parties have treated the case as being disposed of on the merits. As really there is only a point of law involved, we will consider it as though it had.been tried and decided on the merits. Judgment was rendered in favor of the plaintiff for the full amount of its demand, including the 10 per cent. attorneys' fee prayed for by it, and as the amount of the plaintiff's claim is not disputed it would seem that the only matter involved is whether or not the plaintiff is entitled to recover these attorneys' fees by reason of having obtained a judgment in this suit separately and independently of the concursus proceeding.

The law which gives plaintiff herein and the other claimants their lien is Act No. 298 of 1926 which is referred to as the Private Works Act as contra-distinguished in certain of its provisions from Act 224 of 1918, as amended by Act 271 of 1926, and known as the Public Works Act. The pertinent provision of the Private Works Act with which we are concerned, in view of the question raised in this suit, is Section 4 thereof which relates to concursus proceedings. That section provides that if at the expiration of the thirty days allowed for the filing and recording of claims, as provided for in Section 2 of the Act, there are such recorded claims filed, "the owner or any other interested person, *may* file a petition in a court of competent jurisdiction, citing all claimants, including the undertaker, contractor, master-mechanic, engineer or subcontractor, against or by any of whom said claims are filed, and also the surety on the bond, and therein shall assert whatever claim he has against any and all of them, and shall require said claimants to assert their respective claims; and all of said claims shall be tried in concursus." The corresponding provision in the Public Works Act relating to the filing of a concursus proceeding is found in Section 4 of Act 224 of 1918 and it provides that if at the expiration of the forty-five days provided in that statute instead of thirty as in the Private Works Act, there are recorded claims filed with the authorities in charge of the work and recorded in the mortgage office unpaid, "the said authorities *shall* file a petition in the proper court where the work was done citing such claimants and the contractor, subcontractor and surety on the bond, and the said authorities shall assert whatever claims they have against any and all of them in said petition, and require the said claimants to assert whatever claims they have against any and all of them and all of said claims shall be tried in concursus." (Italicizing in both instances ours).

It becomes apparent upon reading these two provisions that the Public Works Act makes it mandatory that a concursus proceeding be filed with regard to claims arising under that act, whereas under the Private Works Act it is only permissive on the part of any of the interested parties

that he avail himself of the right to convoke a concursus. We do not think that the distinction between the provisions of the two respective acts could hardly be questioned, and we doubt very seriously that it would be in this case, were it not for the language used in the decision of the Supreme Court in the case of American Creosote Works, Inc. v. P. Olivier & Son, Inc., et al., 175 La. 651, 144 So. 136. In that case, for some reason which is not clearly apparent, the court seems to have made a comparison between the provisions of the two statutes and stated that the language of both, relating to a concursus proceeding, is practically the same. It is to be noted, however, that the court was concerned with the interpretation of the provisions of the Public Works Act and might very well have restricted its holding to the mandatory provision of that act relating to such a proceeding. Moreover, the surety on the bond which guaranteed the faithful performance of his work on the part of the contractor and the payment of all claims was not a party in that proceeding, whereas in the present case the surety is the only defendant.

At this point it may be important to observe that under Section 14 of Act 298 of 1926, any claimant is given a particular right of action against the surety and the contractor, and nothing in the act itself shall be so construed as to deprive him of such right. In the case of American Creosote Works, Inc. v. P. Olivier & Son, Inc., et al., supra, that section of the act was called to the court's attention, the plaintiff having relied on it in support of its claim that it had a right to bring a separate action. Notwithstanding the fact, as we have stated, that the case involved an interpretation of the provision of the Public Works Act, Act 224 of 1918, the court nevertheless gave consideration to the plaintiff's pretensions and claims under Section 14 of Act 298 of 1926 and stated that all sections of that act had to be construed together, and with that principle in mind, it had to be held that the language of the statute cited by the plaintiff applied in cases where there were no claims against the work.

In the present case the point is stressed that the concursus having already been provoked by the owner, and several claimants, including the plaintiff, having been named therein as holding liens and having been duly cited to appear and assert their claims, the plaintiff, as well as all the claimants cited therein, are now relegated thereto and can only assert their claims before the court in that concursus. There is much merit in the defendant's contention on this point, but in view of the specific provision of Section 14 of the act that *"nothing in this Act* shall be so construed as to deprive any claimant of his right of action" against the surety and the principal obligor on the contractor's bond, we find ourselves constrained to disagree. That provision in the Private Works Act which secures for any claimant an independent right of action against a surety on the contractor's bond or against the principal obligor thereunder, and which is not found in the Public Works Act, emphasizes in our opinion, the distinction between the permissive feature relating to the convoking of a concursus proceeding in the former and the mandatory feature with regard to such a proceeding in the latter. (Italicizing ours).

In our investigation of the question that is presented we find a decision by the Supreme Court of our State which gives rise to another important consideration and one which we think is decisive of the point at issue. We have reference to the case of Favalora v. Bourgeois, 164 La. 521, 114 So. 119.

There seems to be no doubt but that the defendant surety company in this case, having let thirty days elapse from the receipt by it of plaintiff's letter of demand, has incurred the penalty of 10 per cent. attorney's fees imposed by Act 225 of 1918. Plaintiff has now the statutory right to make its demand for attorney's fees in addition to the amount of its claim for the material which it furnished on the job. In the cited case, as in the present, a concursus proceeding had been convoked by the owner and all claimants cited to appear and assert their claims. Among them was a furnisher of lumber who, in addition to his demand for the amount of his bill, claimed the attorney's fees he was entitled to recover under the provisions of the act referred to. The court allowed him to recover the amount of his bill for lumber but rejected his demand for attorney's fees because, as was held in the decision, it did not consider his intervention in the concursus proceeding as a suit against the principal and surety within the meaning of the terms of the act of 1918. It follows from that decision that any claimant having the right to demand his

attorney's fees and who insists on invoking that right which the law grants him, can only present his demand in a separate and independent suit as did the plaintiff herein, and for that reason, if for no other, cannot be forced to litigate his demand in a concursus. That being so, plaintiff in this suit had a legal right and cause of action and his present suit was not premature in view of the concursus which had been convoked by the owner. The exceptions were therefore correctly overruled and judgment properly rendered in its favor on the merits. Judgment affirmed, appellant to pay all costs.