**BATON ROUGE SASH & DOOR WORKS, Inc., v. SPEDALE et al.**

**No. 2157.**

Court of Appeal of Louisiana. First Circuit.

Nov. 9, 1940.

Rehearing Denied Dec. 12, 1940.

J. Oliver Bouanchaud, of Baton Rouge, for appellant.

Johnson & Kantrow, of Baton Rouge, for appellees.

LE BLANC, Judge.

This is the companion suit referred to in the opinion this day handed down in the case of Levingston Supply Company, Inc., v. American Employers' Insurance Company, 198 So. 416. In this case, however, plaintiff is suing the principal contractor, Louis A. Spedale, as well as the surety on his bond, American Employers' Insurance Company. Besides, plaintiff has coupled with its demand against the defendants on the Thomas O. Woods contract, certain amounts claimed for supplies furnished by it on two other jobs Spedale had contracted for with different owners and both of which contracts were bonded by the same surety company, defendant herein. We are not concerned on this appeal with these additional demands as the appeal was taken only by the defendant surety company from the judgment condemning the defendant to pay the amount claimed on the Thomas O. Woods contract. The demand for 10 per cent. attorney's fees in addition to the amount of the claim is only made against the defendant surety company.

For the same reasons assigned in the opinion in the case of Levingston Supply Company, Inc. v. American Employers' Insurance Company, supra, to the effect that under Section 14 of Act 298 of 1926 any claimant holding a lien under that act has a separate and independent right of action, notwithstanding any of the other provisions of the act, against the surety or the principal contractor, and will not be forced into a concursus, and for the further reason therein pointed out why such claimant has a further right to bring a separate and independent suit against the surety on the principal contractor's bond, we hold that in this case also the plea of prematurity was properly overruled and judgment rendered on the merits of the case in favor of the plaintiff.

For the reasons stated, it is ordered that the judgment appealed from to the extent that it condemned the defendant, Louis A. Spedale, to pay unto plaintiff the amount

of its claim in the sum of $686.95 for supplies furnished on the Thomas O. Woods contract, plus the sum of $1 for recording fee, be affirmed, and that to the extent also that it condemned the defendant surety company, in solido, for the same amount and the additional sum of 10 per cent. as attorney's fees it be, and is hereby, also affirmed. Appellant to pay all costs.