Murl Vincent, doing business as Murl Vincent Trucking Service, initiated this proceeding by having seized an oil lease as well as the well itself, drilling equipment, machinery and all structures and appurtenances attached thereto for the drilling and operation of the lease, on a certain tract of land in Township 8, South, Range 10 West, situated in the Parish of Calcasieu, the project being known as W. H. Cooper et al. No. 1.
In his petition for a writ of provisional seizure, he alleged that during the month of June, 1944, at the request of the said Cooper and one Sam H. Dunham, he moved by truck certain drilling equipment from a location which is not described, to the location of the well known as W. H. Cooper et als. No. 1 and rendered further service in connection with setting up the rig and cleaning the rig floor. He also alleges that the trucking of the said rig as well as the other services rendered were in connection with the drilling of a well for oil, gas and other minerals on the property already referred to and which is described in detail in his petition. He does not itemize his demand but alleges that the said W.H. Cooper and Sam H. Dunham are indebted to him, in solido, in the sum of $1105 with interest at five per cent from January 23, 1944, for the services rendered by him.
He then alleges that as furnisher of trucking and other services, all in connection with the drilling of said well, he has a lien and privilege on the well, on the lease on which it is located and on all the drilling rig, machinery, appurtenances, etc., thereto attached for the drilling, equipment and operation of such well or lease, all as provided for by certain statutes of the State. *Page 505 
of Louisiana which are referred to in his petition.
He made the necessary allegations and affidavits to obtain an order for a writ of provisional seizure and prayed for judgment against W.H. Cooper, an absentee, through a curator ad hoc, and against Sam H. Dunham, jointly and in solido, for the full amount of his demand with interest, and for enforcement of the lien and privilege which he claims.
Upon seizure of the property by the Sheriff, Commonwealth Exploration Drilling Company, Inc., alleging itself to be a Louisiana corporation domiciled at Baton Rouge, in the Parish of East Baton Rouge, Louisiana, appeared by motion and, claiming to be the owner of the drilling equipment which had been seized, against which there were also laborers' liens filed and recorded to the amount of $2206, asked to have the said property released on bond, and, in lieu of a bond proposed to deposit the sum of $4561.31 in cash, in the Registry of the District Court of Calcasieu Parish, which sum would fully cover all the claims, together with attorneys' fees and costs which could be recovered against the said property. The court granted an order permitting the bonding of the property and accepted the cash deposit proffered in lieu of a formal bond.
It is important to note at this time that there are two corporations bearing the almost identical names of Commonwealth Exploration Drilling Company, Inc., the only difference being that one spells the word "Company" in full and the other abbreviates it in the usual form "Co." The corporation using the word "Company" in its title, is domiciled in the City of Covington, Parish of St. Tammany, whereas the one using the abbreviation "Co." is domiciled in the City of Baton Rouge, Parish of East Baton Rouge. We say that it is important to note this matter for the reason that in the motion to bond the seizure, we find the first appearance of either company by pleading, and there it appears that it is the Commonwealth Exploration Drilling Company, Inc., which claims to be the owner of the property seized. This discrepancy was the cause of a ruling on the part of the lower court which is one of the serious complaints urged on this appeal as under that ruling the Commonwealth Exploration Drilling Co., Inc., was not permitted to offer testimony under its claim of ownership. Besides, that same corporation asked for and was granted an appeal from an adverse judgment, which appeal, is also made the subject of a motion to dismiss on the part of the plaintiff.
Shortly before the motion to bond the seizure had been filed, Sam H. Dunham had also appeared in court, represented by the same attorneys who filed the motion to bond the seizure on the part of the Commonwealth Exploration Drilling Company, Inc., and represented to the court that for the reason that the said attorneys represented both parties he had not had time to prepare the pleadings in defense to the action taken and was granted an extension of thirty days within which to do so. Shortly after the expiration of that period, through the same attorneys, and joined by a local attorney of the City of Lake Charles, Dunham appeared and filed an exception of no cause and no right of action and also an exception of vagueness. On the same day the same local attorney who had been appointed as curator ad hoc to the defendant W.H. Cooper filed an answer which generally put at issue all of the allegations set out in the petition of the plaintiff.
Thereafter some ten laborers who claimed to have performed work and labor in the drilling of the well, and who had filed liens in the mortgage records of the Parish, each appeared by intervention and third opposition and prayed for judgment in the amount of their respective claims against the defendants Dunham and Cooper, and asked for recognition of their said liens. The petition and claim of each is as follows: A.T. Manard who claims the sum of $340; Ernest E. Luttrell who also claims $340; Adolph J. Lopez who claims the sum of $510; Avery Perkins who claims the sum of $340; A.W. Ash who claims the sum of $204; Guy Dow who claims the sum of $120; W.C. Bruce who claims the sum of $16; Wilbur Patin who claims the sum of $136; Clyde Chesson who claims the sum of $136; A.M. Chauvin who claims the sum of $64. Each of these interventions was put at issue, first by an exception and then by an answer filed on behalf of the defendant Dunham and the curator ad hoc of the defendant W.H. Cooper.
Subsequently Commonwealth Exploration DrillingCompany, Inc. filed a formal petition of intervention and third opposition claiming to be the true and lawful owner of the derrick, drilling equipment *Page 506 
and machinery situated on the lease and alleged that Dunham and Cooper and others had removed the said derrick and oil drilling equipment and used the same, or attempted to use the same without its knowledge, consent or permission or that of any of its duly authorized agents; that it has never acquiesced in the use of its property by the said Dunham and Cooper and that M.P. Planche, its president, had full power and attorney to act for and on behalf of the corporation and that he has never permitted, acquiesced or consented to the use of the property by the said parties. It then alleges that it has suffered damages by the loss and use of the said equipment and also by the loss and use of the cash money which it had put up in lieu of a bond and that it is entitled to recover the sum of $5000. It also alleges that it has been necessary for it to employ attorneys to recover its property and is entitled to recover the further sum of $1000 as attorneys' fees. It accordingly prays for judgment against Dunham and against the curator for W.H. Cooper as well as against Murl Vincent, the plaintiff, declaring the writ under which its property was provisionally seized to be null and void and also for judgment in the sum of $6000 against the said Murl Vincent. It prays also that the clerk of court be ordered to refund the amount of cash deposited by it in lieu of the bond and that all of the laborers who had filed interventions be served with copies of its third opposition through their counsel of record. Prior to the filing of this petition of intervention and third opposition the firm of Brumfield Hebert, attorneys, representing Commonwealth Exploration Drilling Company, Inc., had filed a motion in which they represented to the court that they also were associated as attorneys for the defendant Sam H. Dunham, and in view of the conflict of interest which now arose between their clients and the said Dunham, they found it necessary to withdraw as associate counsel for the latter, and by order of court they were permitted to do so.
The petition of intervention and third opposition of the Commonwealth Exploration Drilling Company, Inc., was put at issue by answer on the part of Murl Vincent, the plaintiff, and each and everyone of the laborers who had intervened. Dunham also filed answer to the petition of intervention of each of the said laborers in which he generally denied the allegations made by them and in answer to the petition of intervention of Commonwealth Exploration Drilling Company, Inc., admitted that M.P. Planche who was the duly authorized president of that company had full power of attorney on its behalf to grant permission for the use of the drilling rig and equipment and that he (Dunham) did not have such permission, consent and acquiescence. The curator ad hoc of the defendant, W.H. Cooper, filed an answer to the petition of intervention of the Commonwealth Exploration Drilling Company, Inc., along the same lines as that of Dunham, and generally the same with regard to the petition of intervention of the laborers.
In a supplemental petition, after all of the foregoing proceedings had been filed, Commonwealth Exploration Drilling Company, Inc. contested the constitutionality of Acts No. 161 of 1932, No. 145 of 1934 and No. 68 of 1942 of the State of Louisiana, under which plaintiff and the intervening laborers claim their liens and privileges, as being null and void and violative of the due process clause of the Constitution of the United States, Amendment 14, and of the Constitution of this State, article 1, § 2, if such acts are to be construed as granting a lien and privilege on property of a third person placed on the premises without his knowledge, consent or permission.
We observe, and we think it is important to mention, that after the case had been fixed for trial in the lower court for June 18, 1945, the firm of Brumfield Hebert, desiring a continuance and reassignment, appeared by motion to ask for the same and for the first time appeared in court as attorneys for Commonwealth Exploration Drilling Co., Inc., and as appears from the minute entry of that date, the motion was granted and the case was re-assigned for trial for July 2, 1945. It was tried on the merits on that day, most of the exceptions having been previously overruled, on all the issues as raised in all of the various pleadings herein referred to. As already stated when an attempt was made to offer testimony on behalf of Commonwealth Exploration Drilling Co., Inc., to prove ownership of the drilling rig which was seized, an objection urged on the ground that that corporation was not a party to the suit, was sustained. Counsel for that corporation thereupon asked permission of the court to amend the petition *Page 507 
of intervention in order to show that its designation in the petition was the result of inadvertence or typographical error but the court refused to permit the amendment and maintained its ruling, whereupon proper bills of exception were taken. After trial of the case the district judge, in his written reasons for judgment, elucidated on his ruling which he adhered to. He then rendered judgment in favor of the plaintiff and the various laborers who had intervened, against Sam H. Dunham and W.H. Cooper, in solido, recognizing the liens which had been asserted by each of them and ordered that the amount of the judgment in favor of each be paid out of the cash bond deposited with the Clerk of Court. The judgment dismissed the intervention and third opposition of Commonwealth Exploration Drilling Company, Inc. and taxed that corporation along with the two other defendants, with all costs. In due time, Commonwealth Exploration Drilling Co., Inc., moved for in open court, and obtained an order of suspensive appeal to this court which it perfected by furnishing a proper appeal bond in the sum of $7000. Sam H. Dunham also moved for and was granted a suspensive and devolutive appeal which however he did not perfect until after the transcript of appeal had been filed in this court on the order granted to the Commonwealth Exploration Drilling Co., Inc.
In this court counsel for plaintiff as well as for the laborer intervenors have filed motions to dismiss both appeals, that of Sam H. Dunham on the ground that as of the date on which the motion to dismiss was filed, no bond of appeal had yet been filed and that of Commonwealth Exploration Drilling Co., Inc. on the ground that it was not a party to the suit, was not cast in judgment in the court below and that as an appellant who is not a party to the proceedings it had not made the necessary allegations that it had been aggrieved by the judgment rendered below, as required under the provisions of Art. 571 of the Code of Practice.
 Motions to Dismiss.
[1] The motion to dismiss the appeal of Sam H. Dunham was prepared after the transcript of appeal had been lodged in this court on the appeal taken by Commonwealth Exploration 
Drilling Co., Inc. but before the Dunham appeal had been perfected by the filing of his appeal bond. Obviously at that time Dunham was not a party to the appeal. However on the same day that the motion to dismiss his appeal was filed in this court, Dunham filed an appeal bond in the sum of $600 in compliance with the order of court granting him a devolutive appeal. This had the effect of perfecting his appeal as the transcript had been already brought up on the appeal taken by the other party appellant. Counsel for appellees conceded that he had the right, had he not filed a bond in compliance with the order of court in due time, to move for and obtain another order for a devolutive appeal as many times as it became necessary for him to do within the twelve months next following the signing of the judgment in the district court. In this case however there was another appellant who had complied with the order of court by having the transcript of appeal brought up within the proper time and by having perfected its appeal and it would be futile to force Dunham to go back into the lower court and obtain an order to have that same thing done. We are of the opinion therefore that there is no merit in this motion and the same is overruled.
[2, 3] We are of the opinion that the motion to dismiss the appeal of Commonwealth Exploration Drilling Co., Inc., is also without merit. Counsel for appellees strenuously urge that this appellant who, under their contention, was not a party to the suit in the lower court, could only obtain an order of appeal by having formally alleged either in a petition or by motion that it had been "aggrieved by the judgment" rendered below and this it did not do. This point involves, in the first place, the question whether or not the Commonwealth Exploration Drilling Co., Inc., was a perfect stranger in the proceedings had in the lower court. We can well understand how the similarity in the name of the two different corporations, Commonwealth Exploration Drilling Company, Inc. and Commonwealth Exploration Drilling Co., Inc., could have led to some confusion. But after all, the only difference is that in one the word "Company" is spelled in full and in the other it is used in the abbreviated form "Co." We believe we are safe in saying that in the business world the two terms are used indiscriminately and that when written, the abbreviated form is used as often as the full word itself. In this case however, there is another reason why the proper corporation, *Page 508 
that is the one which used the abbreviated form "Co." might be said to have been before the court in the original proceeding as well as the other. As we have already stated the corporation known as the Commonwealth Exploration DrillingCompany, Inc., is domiciled at Covington, in the Parish of St. Tammany and the one known under the style of Commonwealth Exploration Drilling Co., Inc., is domiciled in the City of Baton Rouge, Parish of East Baton Rouge. In its very first appearance before the lower court, that is in its motion to have the property seized bonded, although it styled itself in its motion as the Commonwealth Exploration Drilling Company,
Inc., it specifically referred to its domicile as being at Baton Rouge, in the Parish of East Baton Rouge. By its own reference to its domicile therefore it identified itself and could easily have been so identified by any one interested as being a corporation bearing that name domiciled in the Parish of East Baton Rouge, and anyone investigating the matter could hardly have been misled into believing that it had reference to the corporation bearing an almost identical name which was domiciled in the Parish of St. Tammany. Moreover as we have already indicated, in stating the case, on June 18, 1945 there was a motion for a continuance and re-assignment for trial filed on behalf of Commonwealth Exploration Drilling Co.,
Inc. which, as appears from the minutes, the court entertained and granted.
All of this leads us to the conclusion that the appellant, Commonwealth Exploration Drilling Co., Inc., was not entirely a stranger to the proceedings in the court below and strictly speaking was not a party referred to as a "third person" in Art. 571 of the Code of Practice which requires certain formalities on the part of such persons, in obtaining an order of appeal from a judgment rendered in the lower court.
Besides, in this case, it appears that the appeal was granted to this appellant on motion made in open court and whilst the minutes of court do not show that in presenting the motion appellant's counsel stated in so many words that this appellant had been "aggrieved by the judgment" rendered in the case, a logical implication is that it had been so aggrieved or else it would not have presented the motion for appeal nor would the district judge have granted the motion had he not been of the opinion that it had been so aggrieved.
For the reasons stated therefore the motion to dismiss the appeal as to this appellant is also overruled.
 On the Merits.
This brings us now to a consideration of the merits of the case and we think it is proper to discuss first the liability of the defendant, Sam H. Dunham. We are not concerned with the liability decreed against the other defendant, W.H. Cooper, as he is not a party to the appeal.
[4] Taking up first the claim of the plaintiff Murl Vincent, we find that this oil venture originated with the defendant Cooper who got in contact with one H.C. Craft who controlled the lease on the property to be drilled. After arrangements for the lease had been completed Cooper started to look for a drilling rig and Craft took him to see Dunham who told them that the rig which was used could be made available. Whether Dunham had the right to make use of that rig or not, it is not necessary for us to state at this moment but undoubtedly he led everyone to believe that he did have the right to remove it from the location on which it was to the lease site that was to be operated as he himself was instrumental, together with Craft, in securing the services of someone to remove it. They contacted a man by the name of Orvil Jones who was working for the plaintiff at that time and this contact resulted in an agreement between them not only for removing the rig itself at a stipulated price of $721 but for the removal of other equipment and the rendering of other services. The charges for removing the other equipment and for other services ran the bill up from the agreed price of $721 to the total amount of $1105 as demanded by the plaintiff. There is no question but what the services contemplated under the agreement and the extra hauling were all performed by the plaintiff and as a matter of fact the bill was never seriously questioned by Dunham himself. Dunham's attitude toward the plaintiff seems to have been that he had as much interest as Craft and Cooper in the project and certainly by his statements and actions he led the plaintiff to believe that he was responsible for the hauling of the equipment. We are convinced that liability was properly imposed against him by the judgment appealed from.
[5] Most of what has been said about Dunham's contacts and relations with the plaintiff apply to the claims of all of the *Page 509 
laborers, intervenors herein. The testimony is that Dunham was the one who employed two of them as drillers and authorized each to secure a crew to work with him on the job. He held himself out to all of them as their employer and would hardly have interested himself as he did in their behalf in trying to get money with which to pay them unless he intended them to consider that he was personally liable to each of them. He encouraged them to stay on the job telling them that they could not lose anything because the rig had to stand for the payment of their wages. As a matter of fact he was willing to settle with them on the time which was kept by two of them and even took their time-books with him to Mobile, Alabama, where he had gone to see Cooper in an effort to get the money with which to pay them.
[6, 7] With regard to the various amounts of the claims of these laborers there is a discrepancy between that demanded by them and that shown in the time-books that were kept. The trial judge without discussing this point adopted the amounts claimed by each. The only proof to support the difference comes from the testimony of the claimants themselves which is of a most vague and general character. As a matter of fact most of them admit that they did not actually perform any service for the extra time they claim and merely reported on the job each day. We do not think the proof submitted by them is sufficient to justify this increase over the amount as shown in the time-books and in as much as they themselves were willing to be paid according to that time, having turned over the time-books to Dunham to try to effect such payment, we have decided to adopt their own records as the basis on which to award judgment in favor of each. In the cases of A.W. Ash, Wilbur Patin, Clyde Chesson, Guy Dow, A.T. Manard, Avery Perkins, Adolph Lopez and Ernest Luttrell, there will have to be a reduction in the amount of each award. In the case of A.T. Manard the testimony shows that he had also received an advance of $20 by which amount the judgment in his favor will have to be further reduced. In the cases of W.C. Bruce and A.M. Chauvin the time-books show a larger amount than the one demanded but of course judgment in each case will have to be limited to the amount of each demand.
[8] With regard to the intervention and third opposition of the Commonwealth Exploration Drilling Co., Inc., we believe that from what was stated in discussing the status of that corporation on the motion to dismiss its appeal it can readily be concluded that in our opinion the ruling of the trial court in refusing to allow an amendment to the pleadings and subsequently to permit testimony to prove its ownership of the drilling rig, was improper. The error committed in designating the corporation which is actually the one before the court was typographical and was committed by mere inadvertence. It relates solely to a slight error in using the full word "Company" instead of the abbreviation "Co." which, in our opinion, was of no importance as with the other information available, its identity could easily have been ascertained.
By the provisions of our own Civil Code, under Art. 432, whilst the law attaches all the importance that is necessary to the name that must be given to a corporation it is nevertheless provided that "a slight alteration in the name (may) be not important." In the case of R. B. Tyler Co. v. Merrill Engineering Co., Inc., et al. 181 La. 191, 159 So. 319, 321, the defendant corporation was designated as "Merrill Engineering Company" and the abbreviation "Inc." was entirely omitted. The proceeding was a concursus in which the Highway Commission held funds which it refused to deposit in the registry of the court because, as it claimed, it had no contract with "Merrill Engineering Company, * * * its contract being with Merrill Engineering Company, Inc." Following its decision in previous cases the court stated that "The accidental omission of the abbreviation, 'Inc.,' from the plaintiff's assumed name, in defendant's copy of the contract, did not affect the matter," citing National Oil Works v. Korn Bros. 164 La. 800, 114 So. 659; and then, citing the case of Southern Hide Co. v. Best, 174 La. 748, 141 So. 449, stated further: "Conceding, as counsel argues, that the letters 'Inc.' are part of the name of the corporation, the slight alteration of the name by omitting those letters was not misleading and did not vitiate the citation." In the present case it would seem that the difference is not as important because the corporation is undoubtedly designated in a corporate name which seems to be an element that was lacking in the cited case because the corporate identity of a corporation must appear by use of the word "corporation " or *Page 510 
"incorporated" or the abbreviation "Inc." at the end of its name. See Sec. 1083, Dart's Revised Statutes of Louisiana, Act No. 250 of 1928, § 4.
It is true that in the present case there are two separate corporations bearing very similar names but as we have already pointed out the one that was a party in interest in this proceeding had its domicile in the Parish of East Baton Rouge as alleged in its petition of intervention, and could hardly be mistaken for the other that had its domicile in the Parish of St. Tammany. Moreover in one motion at least it appeared under its proper and correct name and its motion was duly entertained and granted by the court. As was stated in the case of R. B. Tyler Co. v. Merrill Engineering Co., Inc., supra, the objection raised by counsel for plaintiff to the request for an amendment and the offer of proof tendered by the intervenor Commonwealth Exploration Drilling Co., Inc. "was more technical than sound and was not well taken", and we conclude therefore that with regard to the demand of this intervenor, the case will have to be remanded to the lower court for the purpose of letting the pleadings be amended so as to show that it is the corporation which claims to be the owner of the property that was seized and, if it can, to further show that the said property was used on the project without its permission or consent, that being the basis on which it claims that the property was not subject to the liens and privileges claimed by the plaintiff and the various laborers who are parties to this suit.
For the reasons stated therefore it is ordered, adjudged and decreed that the judgment appealed from, in so far as it decrees liability in favor of the plaintiff and against the defendant Sam H. Dunham be and the same is hereby affirmed. In as much as it decrees liability against the said defendant in favor of the following intervenors it is amended in the case of each in the following respects, to-wit: On the intervention of A.W. Ash it is reduced from the sum of $240 to the sum of $199.50; on that of Wilbur Patin it is reduced from the sum of $136 to the sum of $105; on that of Clyde Chesson it is reduced from the sum of $136 to the sum of $105; on that of Guy Dow it is reduced from the sum of $120 to the sum of $105; on that of A.T. Manard it is reduced from the sum of $340 to the sum of $152; on that of Avery Perkins it is reduced from the sum of $340 to the sum of $172; on that of Adolph Lopez it is reduced from the sum of $510 to the sum of $258 and on that of Ernest E. Luttrell it is reduced from the sum of $340 to the sum of $172, and it is further ordered that with regard to each of said judgments in favor of each of said intervenors as amended, they stand affirmed. On the intervention of W.C. Bruce and A.M. Chauvin, the judgment is affirmed in each case.
It is further ordered that the said judgment, in so far as it dismissed the intervention of Commonwealth Exploration 
Drilling Company (Co.) Inc., and also in as much as it recognized the liens of the plaintiff and all other intervenors and ordered the same to be paid out of the cash bond deposited in court by the said Commonwealth Exploration Drilling Company (Co.), Inc., be and the same is hereby reversed, annulled and set aside and it is now ordered that with regard to the intervention of the said Commonwealth Exploration 
Drilling Company (Co.), Inc., that the case be remanded to the district court for the purpose of permitting the said corporation to amend its petition of intervention as requested by it and further for the purpose of permitting it to adduce such proof as it may have to offer on the question of the ownership of the drilling rig and equipment used on the oil lease herein described and also to show, if it can, that the property was used without its permission or consent.
All costs of this proceeding are to abide the final result of the judgment to be rendered herein.
 On Application for Rehearing.