COVINGTON, Judge:
Jonathan C. Harris, appellant, was permitted to appear as a defendant in a suit brought by the Authority’s motion for judgment, although his petition to intervene was denied. The purpose of the Authority’s action, under LSA-R.S. 13:5121-5130, was to enable it to obtain a judicial determination of the validity of the bonds authorized to be issued by the said Authority and to resolve related matters in order to insure the marketability of its bonds in the national investment channels.
Harris filed peremptory exceptions of no right of action, no cause of action, and lack of an indispensable party in the lower court. Without ruling on said exceptions, the lower court rendered judgment in favor of the defendant taxpayers, etc., dismissing the demands of the Authority on the ground that the bonds were invalid because they had not been previously submitted to the State Bond Commission as required by law, but decreeing that the Authority was legally created and that Ordinance Number 4327, adopted by the East Baton Rouge City-Parish Council on August 14, 1974, was constitutional.
Harris moves this Court for an order allowing him to file a peremptory exception, embracing the objections of no right of action, no cause of action, and nonjoinder of an indispensable party. The authority moves this Court to dismiss the appeal of *305 Harris, which motion Harris opposes, and for preferential docketing of the Authority’s appeal. Thus, we have appeals by both parties, and motions filed by each of them.
PEREMPTORY EXCEPTION
The Court may, sua sponte, notice the objections raised by the exception filed herein; see LSA-C.C.P. art. 927. It does not matter that the lower court did not rule upon them.
In Pogue v. Ray, 272 So.2d 454, 457 (La.App. 2 Cir. 1973), we find:
“Although the record does not show that the trial court considered or ruled on the exception of no cause of action filed by defendants . . ., under the provisions of La. C.C.P. Article 927, this court has authority on its own motion to take notice that the petition and attached documents do not disclose a cause of action.”
See also Lou-Con, Inc. v. Gulf Building Services, Inc., 287 So.2d 192 (La.App. 4 Cir. 1973), writ denied, 290 So.2d 899 and 901 (La.1974); Indian Bayou Hunting Club, Inc. v. Taylor, 261 So.2d 669 (La.App. 3 Cir. 1972).
If we may do so on our own motion, then certainly a party is permitted to move our attention thereto. Accordingly, the Court permits the filing of the peremptory exception.
MOTION TO DISMISS THE APPEAL
As a taxpayer, property owner and citizen of the Parish of East Baton Rouge, Harris qualifies as a named defendant in the proceeding; LSA-R.S. 13:5123. The fact that the trial court technically denied his intervention in no way affected his appearance as a defendant,
Under the express language of LSA-C. C.P. art. 2086:
“A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.”
Also, see State ex rel. Broussard v. Gauthe, 265 So.2d 828, 835 (La.App. 3 Cir. 1972), writ denied 263 La. 105, 267 So.2d 211; Vincent v. Cooper, 24 So.2d 503, 507 (La.App. 1 Cir. 1946).
Accordingly, the motion to dismiss the appeal of Harris is denied.
MOTION FOR PREFERENTIAL DOCKETING
The Authority further moves for preferential docketing of its appeal on the ground that LSA-R.S. 13:5121-5130 authorize the granting thereof. We observe that § 5128, dealing specifically with appeals, reads in part as follows:
“If the appeal be timely and otherwise in conformity herewith and if the appellate court allows the same it shall be given preferential docketing.”
Therefore, the granting of the motion lies within the sound discretion of this court.
The paradoxical action of the Authority is perplexing. The record reveals that the Reasons for Judgment were filed on October 31, 1975; yet, the judgment was not signed until January 14, 1976,' or some ten weeks later. If in fact the matter was of such urgency as to warrant the Authority’s request, it should have been *306 more diligent in taking steps necessary to prosecute its appeal by presenting the judgment' for signature promptly. We do not look favorably on this procedure of undue delay coupled with a request for preference.
DECREE
IT IS ORDERED, ADJUDGED AND DECREED that the motion to file the peremptory exception is hereby granted, and that the motions to dismiss the appeal and for preferential docketing are hereby denied.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs incident to the motion to file the exception, the motion to dismiss the appeal, and the motion for a preferential docketing are assessed against the Authority insofar as the law permits.